[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 23, 2005
THOMAS K. KAHN
CLERK

No. 04-13726
Non-Argument Calendar

_____

D.C. Docket No. 03-00588-CR-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEPHEN EDMUND BOLEN, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

**(June 23, 2005)**

Before ANDERSON, BIRCH and BARKETT, Circuit Judges.

PER CURIAM:

Stephen Edmund Bolen, Jr. appeals his conviction and 110-month sentence

for using a facility and means of interstate commerce for enticement to commit

child molestation, in violation of 18 U.S.C. § 2422(b).  Bolen and the government stipulated to certain facts:   (1) Special Agent Nikki Badolato of the Federal Bureau of Investigation ("FBI") used a computer connected to the Internet in an undercover capacity, posing as a 25-year-old single mother named "Paulina" with a 3-year-old daughter named "Rachel," (2) Special Agent Badolato was in an internet chat room titled "sex with younger" when Bolen contacted her via instant message, (3) Bolen and Special Agent Badolato engaged in an internet chat that took place over a number of days, (4) Bolen and Special Agent Badolato communicated by telephone and finalized their plans to meet, and (5) Bolen had contact only with an undercover officer posing as an adult and no contact with a minor or with an undercover officer posing as a minor.  The government and Bolen entered into a written plea agreement, in which  Bolen conceded in the agreement that he was guilty of the crime charged in the indictment and waived his right to appeal his sentence and the right to collaterally attack his sentence in any post-conviction proceeding on any ground, except that Bolen reserved the right to appeal any upward departure and the adverse determinations of his motions to suppress evidence and dismiss the indictment.

On appeal,  Bolen's primary argument is that § 2422(b) does not prohibit an individual from arranging to have sex with a minor through communications with

an adult intermediary, as opposed to direct communications with a minor.  Bolen

also argues that § 2422(b) does not prohibit an individual from arranging to have

sex with a fictitious minor.  Bolen argues that if the statute is interpreted as

prohibiting such activities it is unconstitutionally vague.

The interpretation of § 2422(b) is a question of law subject to de novo

review.  See United States v. Murrell, 368 F.3d 1283, 1285 (11th Cir. 2004).

Section 2422(b) provides in relevant part as follows:

> Whoever, using . . . any facility or means of interstate . . . commerce, . . .
> knowingly persuades, induces, entices, or coerces any individual who has
> not attained the age of 18 years, to engage in . . . any sexual activity for
> which any person can be charged with a criminal offense, or attempts to do
> so, shall be . . . imprisoned not less than 5 years and not more than 30 years.

18 U.S.C. 2422(b).

We have recently held that "direct communication with a minor or supposed

minor is unnecessary under the text of § 2422(b)."  Murrell, 368 F.3d at 1288

(11th Cir. 2004) (affirming a conviction under § 2422(b) where the defendant used

the internet to communicate with an undercover agent posing as an adult

intermediary who would arrange for the defendant to engage in various unlawful

sexual activities with a minor).  We held that § 2422(b) encompasses conduct

where a defendant arranges to have sex with a minor through communications

with an adult intermediary, including an adult law enforcement agent posing as a

3

parent of a minor child. Id. at 1286; see also United States v. Hornaday, 392 F.3d 1306, 1310 (11th Cir. 2004) (stating that, in Murrell, we held that the use of an adult intermediary, such as an adult law enforcement agent posing as a parent of a minor child, does not take a defendant's actions outside the prohibitions of § 2422(b)). In Murrell, we reasoned that, in such a situation, by negotiating with the purported parent of a minor, the defendant attempts "to stimulate or cause the minor to engage in sexual activity with him," thereby bringing the defendant's conduct within the definition of "induce." Id. at 1287. We have also recently held that any argument that § 2422(b) is "void for vagueness insofar as adult intermediary situations are concerned cannot be reconciled with Murrell's holding that the plain language of § 2422(b) clearly applies to those situations." Hornaday, 392 F.3d at 1310.

Here, Bolen's arguments, that § 2422(b) does not prohibit an individual from arranging to have sex with a minor through communications with an adult intermediary or from arranging to have sex with a fictitious minor, are without merit. This argument has been explicitly rejected in cases that were factually indistinguishable. See Murrell, 368 F.3d at 1286; Hornaday, 392 F.3d at 1310. Further, we have held that § 2422, as so interpreted, is not unconstitutionally vague. See Hornaday, 392 F.3d at 1310.

4

Bolen next argues on appeal that the district court erred in dismissing his motion to suppress evidence because the police officers did not have probable cause to arrest him and conduct a warrantless search incident to arrest. Bolen bases this argument on the fact that the government and Bolen stipulated that Bolen had no contact with a minor or with an undercover officer posing as a minor, contending that, as such, he could not exercise undue influence over a minor within the plain meaning of § 2422(b).

"This court reviews a district court's denial of a defendant's motion to suppress under a mixed standard of review, reviewing the district court's findings of fact under the clearly erroneous standard and the district court's application of law to those facts de novo." United States v. Desir, 257 F.3d 1233, 1235-36 (11th Cir. 2001).

"Under the Fourth and Fourteenth Amendments, an arresting officer may, without a warrant, search a person validly arrested." Michigan v. DeFillippo, 443 U.S. 31, 35, 99 S.Ct. 2627, 2631 (1979). "[T]he Constitution permits an officer to arrest a suspect without a warrant if there is probable cause to believe that the suspect has committed or is committing an offense." Id. at 36, 99 S.Ct. at 2631. "'A law enforcement officer has probable cause to arrest a suspect if the facts and circumstances within the officer's knowledge, of which he or she has reasonably

trustworthy information, would cause a prudent person to believe, under the circumstances shown, that the suspect has committed, is committing, or is about to commit an offense.'" Williamson v. Mills, 65 F.3d 155, 158 (11th Cir. 1995) (quoting Von Stein v. Brescher, 904 F.2d 572, 578 (11th Cir. 1990)).

Section 2422(b) prohibits, in relevant part, individuals from using any facility of interstate commerce from attempting to induce any minor child to engage in any sexual activity for which any person can be charged with a criminal offense. 18 U.S.C. 2422(b). As discussed above, we have held that § 2422(b) encompasses conduct where a defendant arranges to have sex with a minor through communications with an adult intermediary, including an adult law enforcement agent posing as a parent of a minor child. The crime of attempt requires (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense. Id.

Here, the agents had probable cause to arrest Bolen because they had information that would cause a prudent person to believe that Bolen had attempted to induce a minor child to engage in sexual activity for which any person can be charged with a criminal offense. Specifically, the agents had information that Bolen had specific intent to induce a minor to engage in unlawful sexual activity

in the form of instant message and phone communications in which he negotiated with the purported mother of a minor for the minor to engage in sexual activity with him.[1]  See Murrell, 368 F.3d at 1287.  The fact that these negotiations involved the purported mother of the minor and not the minor herself is if no legal significance under § 2422(b).  See id. at 1286.  The agents also had information that Bolen took a substantial step toward the commission of the offense, in that he arranged meeting with the purported mother and the minor and arrived at the meeting site at the  planned time.  Because the agents had probable cause to arrest Bolen, the district court did not err in denying Bolen's motion to suppress evidence.

Next, Bolen argues that the district court erred in denying Bolen's motion to dismiss the indictment as he never communicated with a minor or an undercover officer posing as a minor.

Whether an indictment sufficiently alleges a statutorily proscribed offense is a question of law that we review de novo.  United States v. Steele, 178 F.3d 1230, 1233 (11th Cir. 1999).  An indictment is sufficient if it (1) presents the essential

---

[1] For example, Bolen advised "Paulina," (1) via instant message, to bring her daughter with her to their meeting because he wanted to meet them both and he "[t]hought [Paulina] wanted to show her [his] cock" and, (2) over the phone, that at the planned meeting he wanted to go as far with "Rachel" as "Paulina" was willing to let him go, specifically stating that he wanted "Rachel" to perform oral sex on him.

elements of the charged offense, (2) notifies the accused of the charges to be defended against, and (3) enables the accused to rely upon a judgment under the indictment as a bar against double jeopardy for any subsequent prosecution for the same offense. Id. at 1233-34. This rule "puts the defendant on notice of 'the nature and cause of the accusation as required by the Sixth Amendment of the Constitution . . . [and] it fulfills the Fifth Amendment's indictment requirement, ensuring that a grand jury only return an indictment when it finds probable cause to support all the necessary elements of the crime." United States v. Fern, 155 F.3d 1318, 1325 (citation omitted).

Here the indictment, that charged Bolen, tracked the language of the statute. Specifically, it charged him with "using a facility and means of interstate commerce, that is a computer connected to the Internet, attempted knowingly to persuade, induce, entice, and coerce an individual who had not attained the age of 18 years to engage in prohibited sexual conduct, that is child molestation . . ., in violation of Title 18, United States Code, Section 2422(b)." Comparing the indictment to the charged statute of violation, it is clear that the indictment sufficiently alleged each element of the offense, that is, (1) using a facility of interstate commerce, (2) in an attempt, (3) to knowingly induce an individual who had not attained the age of 18 years, (4) to engage in illegal sexual activity. See

8

18 U.S.C. § 2422(b). Because the indictment sufficiently alleged each element of the offense, it (1) provided adequate notice of the charge, (2) enabled Bolen to rely upon the judgment under the indictment as a bar against double jeopardy, and (3) ensured that the grand jury found probable cause to support all the necessary elements. See Steele, 178 F.3d at 1233-34; Fern, 155 F.3d at 1325. Further, as discussed above, any finding of probable cause does not constitute legal error here. Accordingly, the district court did not err in denying Bolen's motion to dismiss the indictment for insufficiency.

Last, Bolen argues that, in the event the Supreme Court rules in United States v. Booker, 543 U.S. ___, 125 S.Ct. 738 (2005), that the Federal Sentencing Guidelines, or enhancements thereunder, are unconstitutional, this case should be remanded to the district court for resentencing in accordance with the ruling. However, Bolen signed an appeal waiver that barred appeal of his sentence unless the district court departed upward.

We uphold appeal waivers as valid if they are knowingly and voluntarily entered. United States v. Buchanan, 131 F.3d 1005, 1008 (11th Cir. 1997) (citing United States v. Bushert, 997 F.2d 1343, 1350 (11th Cir.1993)); see also United States v. Benitez-Zapata, 131 F.3d 1444, 1446 (11th Cir.1997) ("Waiver will be enforced if the government demonstrates either: (1) the district court specifically

questioned the defendant about the waiver during the plea colloquy, or (2) the record clearly shows that the defendant otherwise understood the full significance of the waiver.").  Recently, we explained that "the right to appeal a sentence based on Apprendi/ Booker grounds can be waived in a plea agreement.  Broad waiver language covers those grounds of appeal."  United States v. Rubbo, 396 F.3d 1330, 1335 (11th Cir. 2005) (dismissing the appeal because the broad appeal waiver provision precluded defendant from raising sentencing issues arising under Apprendi/Booker line of cases on appeal, and rejecting the argument that those issues fell within an exception to the appeal waiver in the written plea agreement for sentences above "statutory maximum" because the parties intended that term to have its ordinary meaning, namely, a sentence above the maximum in the United States Code, not the term-of-art definition developed in the Apprendi/Blakely line of cases); see also United States v. Grinard-Henry, 399 F.3d 1294, 1296-97 (11th Cir. 2005) (denying the motion to reconsider dismissal of the appeal because the appeal waiver was knowing and voluntary, the general appeal waiver language broad enough to include an Apprendi/Blakely/Booker claim, and the claim did not fall within an exception to an appeal waiver for "a sentence in violation of the law apart from the sentencing guidelines").

Here, the broad appeal waiver provision in the plea agreement encompasses the sole sentencing issue arising under the Apprendi/Blakely/Booker line of cases. See Rubbo, 396 F.3d at 1335.  The only exceptions to the appeal waiver provision that were provided in the plea agreement relate to Bolen's right to appeal an upward departure from the applicable guideline range and the adverse determinations of his motion to suppress evidence and his motion to dismiss the indictment.  Bolen's Booker argument, then, does not satisfy any of the specified exceptions to the waiver.  Moreover, because Bolen (1) has not argued in his appellate brief that the waiver was not valid because it was not knowing and voluntary, (2) failed to have his plea colloquy transcribed for a court determination of whether the waiver was knowing and voluntary,  and (3) failed to file a reply brief in response to the government's contention that his Booker argument was waived by the terms of his plea agreement, we conclude that the waiver must be upheld.  See Loren v. Sasser, 309 F.3d 1296, 1304 (11th Cir. 2002) (holding, in the context of a civil proceeding, that we must affirm the district court when an appellant fails to provide all the evidence that the district court had before it when making contested rulings, relying on Fed.R.App.P. 10(b)(2), which provides that if an appellant intends to urge on appeal that a conclusion is unsupported by the evidence, the appellant must include in the record a transcript of all evidence

11

relevant to that conclusion). Thus, Bolen has waived his right to appeal his sentence under <u>Booker</u>. As such, we dismiss Bolen's sentence appeal.

**AFFIRMED in part and DISMISSED in part.**