[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED

U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 4, 2004
THOMAS  K. KAHN
CLERK

_____

No. 03-12582

_____

D. C. Docket No. 02-14077-CR-DLG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANTHONY F. MURRELL,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(May 4, 2004)**

Before WILSON and KRAVITCH, Circuit Judges, and GOLDBERG[*], Judge.

WILSON, Circuit Judge:

---

[*] Honorable Richard W. Goldberg, Judge, United States Court of International Trade, sitting by designation.

Anthony Murrell appeals his conviction under 18 U.S.C. § 2422(b) for using a facility of interstate commerce to attempt to knowingly persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity. Specifically, Murrell argues that his conduct – making an online deal with a purported adult father to have sex with the father's minor daughter – is not within the purview of § 2422, and that certain sentencing enhancements were improperly applied. Upon careful review, we affirm Murrell's conviction and sentence.

## Background

In September 2002, Appellant Anthony Murrell ("Murrell"), under the screen name "Bone 1031," entered two separate America Online ("AOL") chat rooms in which he communicated with undercover Detective Neil Spector of the St. Lucie County Sheriff's Office.

On September 16, in the "family love" chat room, Murrell engaged in an online chat with Spector, who was posing as the adult mother of a thirteen year-old daughter. During their exchange, Murrell expressed an interest in meeting the mother and daughter for a "discreet sexual relationship." In a subsequent email, he stated, "I would like to be able to get intimate with you and [your daughter] if the spark is there," and provided his phone number.

2

On September 18, while Detective Spector was in a chat room entitled "Rent F Vry Yng," in an undercover capacity as an adult male with a fictitious teen daughter, he received another message from Murrell. Murrell wrote: "Hi. Are you renting daughter?" Spector responded that his daughter was thirteen years old. Murrell then wrote that he lived near Orlando and asked if "the daughter enjoyed being rented." He also inquired whether the daughter had had sex yet, and questioned whether she would "go along." Spector asked Murrell whether he was serious and what he had to offer. Murrell suggested that the two speak on the phone, and gave Spector his phone number. Spector also gave Murrell his undercover phone number.

Spector called Murrell and asked him whether he was sincere in his interests and whether he was a "cop." Murrell replied that he was sincere, but that he wanted the same assurances from Spector. During the conversation, Murrell explained his intentions. He expressed that he wanted to have oral sex and intercourse with the daughter, and stated, "what I actually recommend is maybe once or twice, just me and her."

Over the next few days, Murrell and Detective Spector communicated online and by telephone, culminating in an agreement that Murrell would meet Spector and his purported daughter at 5:00 p.m. on September 24 at the Vero

3

Beach Holiday Inn, and that Murrell would pay Spector $300.00 for sex with the minor.

At approximately 5:05 p.m. on September 24, Murrell arrived at the Vero Beach Holiday Inn and met with Detective Spector who was acting in his undercover capacity. Murrell showed Spector a teddy bear he had brought for the daughter. He was also carrying $300.00 and a box of condoms. Murrell indicated that he was ready to meet the girl, and was arrested as he walked toward a hotel room in which he believed the minor was waiting.

On October 3, 2002, a federal grand jury in Ft. Pierce, Florida returned an indictment charging Murrell under 18 U.S.C. § 2422(b). Murrell initially pled not guilty. On February 6, 2003, he filed a motion to dismiss the indictment, in which he stipulated to certain facts, but claimed that his actions were not criminal under § 2422. After holding a hearing on the matter, the district court denied his motion. Murrell entered a conditional guilty plea on February 19, 2003, without the benefit of a written plea agreement. As a condition of his plea, he preserved his claim that his stipulated conduct did not violate § 2422.

On April 23, 2003, the district court held a sentencing hearing, in which it overruled Murrell's objections to the two two-level sentencing enhancements under U.S.S.G. § 2G1.1(b)(2)(B) and (b)(5) recommended in his PSI. Murrell was

4

sentenced to a 33-month term of imprisonment, to be followed by a three-year period of supervised release. The court also ordered him to participate in sex offender and mental health treatment programs, and imposed restrictions on his use of computers.

Murrell now appeals, asserting that the district court erred in denying his motion to dismiss his indictment, and in applying the two sentencing enhancements. He claims that because he did not directly communicate with a minor or person he believed to be a minor, his conduct was not criminally proscribed by the language of § 2422(b).

## Standards of Review

The interpretation of a statute is a question of law subject to *de novo* review. *United States v. Pistone*, 177 F.3d 957, 958 (11th Cir. 1999).

We review purely legal questions concerning use of the Sentencing Guidelines *de novo*. *United States v. Williams*, 340 F.3d 1231, 1234 n.8 (11th Cir. 2003). Except in certain cases in which the lower court departs from the applicable Guideline range, we review a district court's application of the Guidelines to the facts with "due deference." 18 U.S.C. § 3742(e); *see also United States v. White*, 335 F.3d 1314, 1317 (11th Cir. 2003).

## Discussion

*A. Violation of § 2422(b) Where the Defendant Does Not Communicate Directly with a Minor or Supposed Minor*

As a matter of first impression in the federal circuit courts, we must determine whether a defendant who arranges to have sex with a minor through communications with an adult intermediary, by means of interstate commerce, violates § 2422(b).

Section 2422(b) states, in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, *or attempts to do so*, shall be fined [and imprisoned].

18 U.S.C. § 2422(b) (emphasis added).

Murrell was convicted for attempt under the statute because there was no actual minor involved who could have been influenced. He concedes that use of AOL chat rooms and instant messaging satisfies the interstate commerce element of the offense because his communications with Detective Spector traveled through an AOL server based in Virginia. However, he argues that § 2422(b) does not otherwise encompass his conduct because, in his view, one must communicate directly with a minor or supposed minor in order to violate the statute. We disagree.

In *United States v. Root*, 296 F.3d 1222 (11th Cir. 2002), *cert denied*, 537 U.S. 1176 (2003), we upheld an attempt conviction under § 2422(b) where a defendant believed he was communicating with a minor, but was actually communicating with an undercover government agent. *Id*. at 1227-28. Murrell contends that *Root* is distinguishable from his case because it involved direct communication between the defendant and the purported minor. However, we fail to recognize how this factual discrepancy is relevant to the disposition of the charges against Murrell.

To sustain a conviction for the crime of attempt, the government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense. *See United States v. Baptista-Rodriguez*, 17 F.3d 1354, 1369 (11th Cir. 1994); *see also Root*, 296 F.3d at 1227-28. For example, we have stated that a conviction for attempted importation of marijuana requires proof of "a specific intent to import marijuana" and a substantial step towards the importation. *See United States v. Collins*, 779 F.2d 1520, 1527 (11th Cir. 1986).

Combining the definition of attempt with the plain language of § 2422(b), the government must first prove that Murrell, using the internet, acted with a specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful

sex. The underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself.[1] That is, if a person *persuaded* a minor to engage in sexual conduct (e.g. with himself or a third party), without then actually committing any sex act himself, he would nevertheless violate § 2422(b).[2]

In *United States v. Bailey*, 228 F.3d 637 (6th Cir. 2000), the Sixth Circuit addressed this very issue. The defendant in *Bailey* contended that attempt under § 2422(b) "requires the specific intent to commit illegal sexual acts rather than just the intent to persuade or solicit the minor victim to commit sexual acts." *Id*. at 638. In response, the court held:

> While it may be rare for there to be a separation between the intent to persuade and the follow-up intent to perform the act after persuasion, they are two clearly separate and different intents and the Congress has made a clear choice to criminalize persuasion and the attempt to persuade, not the performance of the sexual acts themselves. Hence,

---

[1] In contrast, we note that 18 U.S.C. § 2423(b) prohibits interstate travel "for the purpose of engaging in any illicit sexual conduct with another person." 18 U.S.C. § 2423(b) (2004). To violate this statute, the defendant must intend to engage in unlawful sex.

[2] Some courts, however, have not made such a distinction. *See, e.g., United States v. Farner*, 251 F.3d 510, 513 (5th Cir. 2001) ("[T]he district court correctly concluded . . . that Farner intended to engage in sexual acts with a 14-year-old girl and that he took substantial steps toward committing the crime."). Even if we were to require the government to prove that Murrell acted with the specific intent to engage in sexual activity with a minor, our result would remain unchanged. Murrell's conduct clearly indicates that he not only intended to induce a minor to engage in sexual activity, but that he also intended to proceed to engage in unlawful sex acts with the minor.

> a conviction under the statute only requires a finding that the defendant had an intent to persuade or to attempt to persuade. Defendant Bailey's attack is therefore meritless.

*Id*. at 639. Thus, to satisfy the first element of attempt, we must determine whether Murrell acted with the intent to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity. Because we view Murrell's actions as those of inducement rather than persuasion, enticement, or coercion, we will focus upon that component.

Murrell asserts that he could not have intended to induce a minor to engage in illegal sex acts without actually speaking to a person he believed to be a minor. Put another way, Murrell contends that the minor's inducement may not be effected indirectly via an intermediary, and that accordingly, he could not have intended to induce a minor to engage in sex by speaking only to a go-between.

We have previously held that the term "induce" in § 2422 is not ambiguous and has a plain and ordinary meaning. *See United States v. Panfil*, 338 F.3d 1299, 1301 (11th Cir. 2003). "Induce" can be defined in two ways. It can be defined as "[t]o lead or move by influence or persuasion; to prevail upon," or alternatively, "[t]o stimulate the occurrence of; cause." THE AM. HERITAGE DICTIONARY OF THE ENGLISH LANGUAGE 671 (William Morris ed., Houghton Mifflin Co. 1981). We must construe the word to avoid making § 2422 superfluous. *See Medberry v.*

*Crosby*, 351 F.3d 1049, 1061 (11th Cir. 2003).  To that end, we disfavor the former interpretation of "induce," which is essentially synonymous with the word "persuade."  By negotiating with the purported father of a minor, Murrell attempted to stimulate or cause the minor to engage in sexual activity with him.  Consequently, Murrell's conduct fits squarely within the definition of "induce."

Moreover, we note that the efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective.  In this case, Murrell communicated with an adult who he believed to be the father of a thirteen-year-old girl and who presumably exercised influence over the girl.  Murrell's agreement with the father, who was acting as an agent or representative, implied procuring the daughter to engage in sexual activity.  Because we find that Murrell acted with the intent to induce a minor to engage in unlawful sexual activity, the first element of attempt is satisfied.

Next, we turn to the second element of attempt – whether Murrell took a substantial step toward his intended goal of inducing a thirteen year-old girl to engage in sexual activity with him.  To find that a substantial step was taken, the court must determine that the defendant's objective acts mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability.

*United States v. Forbrich*, 758 F.2d 555, 557 (11th Cir. 1985). Murrell's objective acts strongly corroborate his culpability and provide clear evidence that his conduct was criminal. Murrell (1) made several explicit incriminating statements to Detective Spector;[3] (2) traveled two hours to another county to meet a minor girl for sex in exchange for money; and (3) carried a teddy bear, $300.00 in cash, and a box of condoms when he arrived at the meeting site. His actions, taken as a whole, demonstrate unequivocally that he intended to influence a young girl into engaging in unlawful sexual activity and that his conduct was therefore criminal. Thus, Murrell took a substantial step toward inducing a minor to engage in illicit sexual acts, thereby satisfying the second element of criminal attempt.

Because we find that direct communication with a minor or supposed minor is unnecessary under the text of § 2422(b), and that Murrell's conduct satisfied the elements of attempt, we hold that such conduct was in violation of the statute.

*B. Two-level Sentencing Enhancement Under U.S.S.G. § 2G1.1(b)(2)(B)*

---

[3] Note that, in *Bailey*, the Sixth Circuit upheld an attempt conviction under § 2422(b) where the defendant, via online communications, merely tried to convince minors to meet him for sex acts, but none of them were actually persuaded. Thus, the *Bailey* court reasoned that the "substantial steps" that strongly corroborated the defendant's intent to persuade the minor victims were simply the solicitous messages he sent to them; no travel or additional acts were required to satisfy the "substantial step" requirement. *See Bailey*, 228 F.3d at 640. We need not reach the question whether communication via a means of interstate commerce, without more, is sufficient to sustain a conviction for attempt under § 2422(b) because Murrell engaged in objective acts in addition to his communications with Detective Spector.

Murrell received a two-level sentencing enhancement under U.S.S.G.

§ 2G1.1(b)(2)(B) for an offense involving a "victim" between the ages of twelve

and sixteen. The commentary to § 2G1.1 defines the word "victim" as follows:

> "Victim" means a person transported, persuaded, induced, enticed, or
> coerced to engage in, or travel for the purpose of engaging in, a
> commercial sex act or prohibited sexual conduct, whether or not the
> person consented to the commercial sex act or prohibited sexual
> conduct. Accordingly, "victim" may include an undercover law
> enforcement officer.

U.S.S.G. § 2G1.1, cmt. n.1 (2003).[4] In this case, we have neither an actual victim

nor an undercover law enforcement officer "victim." We must therefore determine

whether the increased sentence is justified where there is only a fictitious victim.

No circuit has yet considered this question.[5]

---

[4] Commentary and Application Notes to the Sentencing Guidelines are binding on the courts unless they contradict the plain meaning of the text of the Guidelines. *See Stinson v. United States*, 508 U.S. 36, 38 (1993).

[5] In *United States v. Angle*, 234 F.3d 326 (7th Cir. 2000), the Seventh Circuit upheld a similar enhancement under U.S.S.G. § 2A3.1 for a "fictional victim" under a plain error standard. The court noted that no circuit had considered the issue, and stated, "[c]onsidering the lack of case authority on this issue, we conclude that, if there was error, Angle cannot demonstrate . . . that the error was 'clear or obvious' (in other words, that 'a legal rule was violated during the district court proceedings')." *Id.* at 346 (citations omitted). Section 2A3.1 does not define the word "victim."
Previously, the Ninth Circuit mentioned that a lower court had declined to apply § 2A3.1 because the victims were fictional. *See United States v. Butler*, 92 F.3d 960, 963 n.6 (9th Cir. 1996). The *Butler* court, however, never addressed the meaning or scope of the term "victim" and made no ruling on this question.

12

Because the Sentencing Commission specifically provided that undercover officers are "victims" for purposes of § 2G1.1, we deduce that the enhancement is directed at the defendant's intent, rather than any actual harm caused to a genuine victim. In terms of the defendant's intent, as well as any actual harm done, there is no difference between an undercover officer victim and a fictitious victim. Thus, the enhancement applies whether the minor "victim" is real, fictitious, or an undercover officer.[6] Murrell's two-level sentencing increase under § 2G1.1(b)(2)(B) is appropriate.

*C. Two-level Sentencing Enhancement Under U.S.S.G. § 2G1.1(b)(5)*

Murrell also received a two-level enhancement under U.S.S.G. § 2G1.1(b)(5), which states:

> If a computer or an Internet-access device was used to (A) persuade, induce, entice, coerce, or facilitate the travel of, a minor to engage in a commercial sex act; or (B) entice, encourage, offer, or solicit a person to engage in prohibited sexual conduct with a minor, increase by 2 levels.

U.S.S.G. § 2G1.1(b)(5) (2003). Murrell argues that this enhancement is inapplicable to him, again relying on the fact that he expressed no inducement

---

[6] In addition, when the Commission amended U.S.S.G. § 2A3.2 to clarify that a "victim" includes an undercover officer, it noted that "[t]his change was made to ensure that offenders who are apprehended in an undercover operation are appropriately punished." U.S.S.G. MANUAL, supp. to app. C, amend. 592 at 50 (2000).

13

directly to a minor, via the internet.

We find, however, that the sentencing increase under subsection (b)(5) applies. As mentioned above, inducement of a minor under § 2422(b) may take place indirectly. Since Murrell used his computer to communicate with Detective Spector for the purpose of inducing a thirteen-year-old girl to engage in a commercial sex act[7] with him, § 2G1.1(b)(5)(A) applies.[8]

Our conclusion is further supported by the commentary to § 2G1.1 regarding subsection (b)(5)(A):

> Subsection (b)(5)(A) is intended to apply only to the use of a computer or an Internet-access device to communicate directly with a minor *or with a person who exercises custody, care, or supervisory control of the minor*. Accordingly, the enhancement in subsection (b)(5)(A) would not apply to the use of a computer or an Internet-access device to obtain airline tickets for the minor from an airline's Internet site.

§ 2G1.1, cmt. n.8 (emphasis added). The commentary clearly indicates that the enhancement is intended to apply to instances in which the defendant communicates with the parent of a minor, provided of course that the parent

---

[7] A "commercial sex act" is "any sex act, on account of which anything of value is given to or received by any person." § 2G1.1, cmt. n.1; 18 U.S.C. § 1591(c)(1). Because Murrell planned to exchange $300.00 for sex acts with a minor, his conduct falls within the scope of this definition.

[8] Because subsection (A) of § 2G1.1(b)(5) applies, we need not consider the applicability of subsection (B).

exercises custody, care, or supervisory control over the minor. Murrell believed that Detective Spector, in his undercover capacity, exercised such authority over his minor "daughter." Murrell's dealings with Detective Spector were premised on his assumption that Detective Spector was in a position to direct or command the actions of the "daughter." Based on the plain language of the Guideline and its commentary, we hold that Murrell's two-level sentencing increase under § 2G1.1(b)(5) is proper.

Accordingly, we affirm Murrell's conviction and sentence.

**AFFIRMED.**