[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS
FOR THE ELEVENTH CIRCUIT

_____

No. 05-13115

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 12, 2006
THOMAS K. KAHN
CLERK

D. C. Docket No. 04-00261-CR-CG

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JIMMY GAYLE POTTS, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(April 12, 2006)**

Before ANDERSON, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Jimmy Gayle Potts, II, appeals his 30-month sentence for possession of a firearm after having been convicted of a misdemeanor crime of domestic violence, in violation of 18 U.S.C. § 922(g)(9). Because the Presentence Investigation Report ("PSI") determined that Potts possessed the firearm in connection with the commission or attempted commission of a domestic violence offense, it set his base offense level pursuant to U.S.S.G. § 2K2.1(c)(1), cross-referenced to U.S.S.G. § 2X1.1(a), which stated that Potts's base offense level should be determined by the guideline for the underlying substantive offense and, thus, was cross-referenced to U.S.S.G. § 2A6.2(a), the guideline for domestic violence offenses.

On appeal, Potts argues that the district court's use of the cross-reference was based upon the determination that he attempted to menace his wife with a shotgun, but there is no Alabama law recognizing "attempted menacing" or "attempted harassment." Furthermore, he contends, he was arrested before he harassed anyone, and his actions did not rise to the level of an attempt under Alabama law, which requires an overt act towards the commission of the crime. Additionally, he contends that the absence of ammunition for the gun indicated that he did not intend to carry out the threat. Thus, he argues, the district court erred in determining that he possessed the shotgun in connection with another offense, namely, domestic violence.

2

We review "the district court's application and interpretation of the sentencing guidelines under the <u>de novo</u> standard of review, but review[] its findings of fact for clear error." <u>United States v. Rhind</u>, 289 F.3d 690, 693 (11th Cir. 2002). We will not find clear error unless we are "left with a definite and firm conviction that a mistake has been committed." <u>United States v. Crawford</u>, 407 F.3d 1174, 1177 (11th Cir. 2005) (internal quotations and citations omitted).

If a defendant used or possessed a firearm in connection with the commission or attempted commission of another offense, the district court should use the base offense level for the substantive offense. U.S.S.G. § 2K2.1(c)(1); U.S.S.G. § 2X1.1. If the underlying substantive offense was domestic violence, the applicable guideline is U.S.S.G. § 2A6.2. The guidelines also state that, "[i]f an attempt, decrease by 3 levels, unless. . . the circumstances demonstrate that the defendant was about to complete all such acts but for apprehension or interruption by some similar event beyond the defendant's control." U.S.S.G. § 2X1.1.

Under Alabama law, "[a] person commits domestic violence in the third degree if the person commits. . . the crime of menacing pursuant to Section 13A-6-23. . . or the crime of harassment pursuant to subsection (a) of Section 13A-11-8; and the victim is a current or former spouse. . . [of] the defendant." Ala. Code § 13A-6-132. "A person commits the crime of menacing if, by physical

action, he intentionally places or attempts to place another person in fear of imminent serious physical injury." Ala. Code § 13A-6-23. The commentary to this section states that "[t]he classic example [of menacing] is where defendant, intending to frighten another, points an unloaded gun at him, though not known by the victim to be so." Id. Harassment includes "a threat, verbal or nonverbal, made with the intent to carry out the threat, that would cause a reasonable person who is the target of the threat to fear for his or her safety." Ala. Code § 13A-11-8.

Potts contends that there is no Alabama case recognizing "attempted menacing" or "attempted harassment." However, the federal sentencing guidelines approve the cross-reference when the defendant uses the gun in connection with the "commission or attempted commission" of another offense. U.S.S.G. § 2K2.1(c)(1). In order to prove an attempt in this Circuit, the government "need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward the commission of the offense." United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004). Alternatively, under Alabama law, "[a] person is guilty of an attempt to commit a crime if, with the intent to commit a specific offense, he does any overt act towards the commission of such offense." Ala. Code § 13A-4-2. The Alabama Supreme Court had held that an "attempt is complete and punishable, when an act

4

is done with intent to commit the crime, which is adapted to the perpetration of it, whether the purpose fails by reason of interruption, or for other extrinsic cause. The act must reach far enough towards the accomplishment of the desired result to amount to the commencement of consummation." Ex parte A.T.M., 804 So.2d 171, 174 (Ala. 2000) (internal quotations and citations omitted).

Upon careful review of the record on appeal, the PSI, and consideration of the parties' briefs, we discern no reversible error. The district court could find that Potts possessed the shotgun "in connection with" an attempt to menace his wife. Since Potts's possession of the shotgun was connected to the argument in which he threatened to get a shotgun to "deal with his wife," and the police detained him as he apparently returned home with the gun in his car, the evidence indicates that only police apprehension prevented Potts from using the unloaded shotgun to menace his wife. The district court, thus, did not err in using the cross-reference when sentencing him because Potts possessed the shotgun in connection with an attempt to commit another offense, namely, domestic violence through criminal menacing.

Alternatively, Potts possessed the shotgun in connection with the crime of harassment, which includes "a threat, verbal or nonverbal, made with the intent to carry out the threat, that would cause a reasonable person who is the target of the

threat to fear for his or her safety." Ala. Code § 13A-11-8. Potts threatened his wife when he told her he would get a gun to deal with her and her parents. He then retrieved the gun, which is evidence of his intent to carry out the threat. The gun was connected to Potts's threat.

Accordingly, we affirm his sentence.

**AFFIRMED.**[1]

---

[1] Potts's "Motion for Appointment of New Counsel" is DENIED because he cannot show that his attorney has acted in some way that reflects a conflict of interest.