[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APR 6, 2009
THOMAS K. KAHN
CLERK

_____

No. 08-13648
Non-Argument Calendar

_____

D. C. Docket No. 07-00365-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CHARLENE SCHMITZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

**(April 6, 2009)**

Before HULL, MARCUS and PRYOR, Circuit Judges.

PER CURIAM:

Charlene Schmitz appeals from her convictions for use of an interstate facility to attempt to entice a juvenile to engage in a sexual act, in violation of 18 U.S.C. § 2422(b). On appeal, Schmitz argues that the evidence was insufficient to

support her convictions, as it failed to establish that she was attempting to persuade, induce, or entice the minor to engage in prohibited sexual activity when she sent him cell-phone texts and on-line instant messages through Yahoo Messenger. After thorough review, we affirm.[1]

We review challenges to the sufficiency of the evidence de novo, with the evidence viewed in the light most favorable to the government. United States v. Garcia, 405 F.3d 1260, 1269 (11th Cir. 2005). A defendant's conviction must be affirmed unless a jury could not, under a reasonable construction of the evidence, have found her guilty beyond a reasonable doubt. Id.

Pursuant to § 2422(b), it is illegal for a person to knowingly attempt to persuade, induce, entice, or coerce an individual under the age of 18 years to engage in any sexual activity that can be charged as a criminal offense. 18 U.S.C. § 2422(b). To convict a defendant under § 2422(b), the government must establish that the defendant had the specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex. United States v. Murrell, 368 F.3d 1283, 1286 (11th Cir. 2004). It is the persuasion, inducement, enticement, or coercion of the minor, rather than the sex act itself, that is prohibited by the statute. Id. An

---

[1] We also GRANT Schmitz's motion to place the portions of her supplemental record excerpts with unredacted trial transcripts containing the minor's name under seal.

2

attempt to stimulate or cause the minor to engage in sexual activity fits the statutory definition of persuasion or inducement. Id. at 1287.

To establish a crime of attempt, the government must prove (1) that the defendant had the specific intent to commit the crime, and (2) that she took a substantial step toward committing the crime. Id. at 1286. A substantial step occurs when a defendant's objective acts, as a whole, strongly corroborate the required culpability. Id. at 1288. In Murrell, we held that the defendant, who had arranged to have sex with a minor at a hotel, took a substantial step toward his goal of inducing her to engage in sexual activity because he: (1) made incriminating statements to law enforcement officers upon his arrest; (2) traveled several hours to meet the girl at the hotel; and (3) brought with him a teddy bear, money to pay the girl's father, and a box of condoms. Id.

A defendant's intent may be inferred from circumstantial evidence. United States v. Grant, 431 F.3d 760, 764 (11th Cir. 2005). A jury may consider a testifying defendant's statements as substantive evidence of her guilt when the jury disbelieves her testimony, and when there is corroborative evidence of guilt, the defendant's denial of guilt may establish, by itself, elements of the crime. United States v. Brown, 53 F.3d 312, 314-15 (11th Cir.1995). This rule especially applies when the element that must be proven is the defendant's intent. Id. at 315.

We recognize that the Seventh Circuit has held that a defendant's chat room statements -- that he wanted to kiss the minor's breast and thighs and have her perform oral sex on him -- failed to establish that he took a substantial step towards committing a crime under § 2422(b). See United States v. Gladish, 536 F.3d 646, 650 (7th Cir. 2008). However, in so holding, the court distinguished United States v. Goetzke, 494 F.3d 1231 (9th Cir. 2007), because, unlike the defendant in Goetzke, Gladish did not have a prior relationship with the defendant, which meant that his statements did not constitute a substantial step towards attempting to persuade, induce, entice, or coerce a minor to engage in illegal sexual acts. Gladish, 536 F.3d at 650.

In Goetzke, the defendant sent a boy, whom Goetzke had previously met, letters stating that: (1) the boy was cute and had a nice butt; (2) Goetzke liked it when he gave the boy back rubs; (3) Goetzke wanted to see the boy naked; and (4) Goetzke wanted to put the boy's penis in his mouth. Goetzke, 494 F.3d at 1235. Additionally, Goetzke advised the boy on how to stimulate himself. Id. The letters also expressed how much fun Goetzke had riding horses and fishing with the boy, and promised the same kind of fun, along with a motorcycle for the boy, if he would visit Goetzke again. Id. The Ninth Circuit held that the evidence was sufficient to establish that Goetzke attempted to persuade, induce, or entice the boy

4

to engage in prohibited sexual activity, as his letters promising the boy fun and a motorcycle began to groom the boy for sexual activity in the event the boy visited him. Id. The court also held that sending the letters constituted a substantial step because they flattered the boy, described sexual acts that Goetzke wanted to perform, and encouraged the boy to visit. Id. at 1235-37.

As in Goetzke, the record here shows that the evidence was sufficient to support Schmitz's convictions. Her disbelieved testimony, along with the facts that she offered to buy the minor a cell phone and sent him messages expressing her love and desire to pursue a sexual relationship with the minor, established that she had the specific intent to persuade, induce, or entice him to engage in prohibited sexual activity. See Goetzke, 494 F.3d at 1235; Brown, 53 F.3d at 314-15.[2] Additionally, the messages Schmitz sent the minor, combined with the fact that she drove 25 to 30 miles to pick him up in order to initiate a physical relationship, constituted a substantial step towards persuading, inducing, or enticing the minor to engage in prohibited sexual activity. Murrell, 368 F.3d at 1288; Goetzke, 494 F.3d at 1235-37. Accordingly, we affirm.

**AFFIRMED.**

---

[2] Unlike in Gladish, Schmitz had a relationship with the minor before she paid for his phone and sent him messages, as did the defendant in Goetzke. See Gladish, 536 F.3d at 650.

5