[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
JUNE 30, 2009
THOMAS K. KAHN
CLERK

No. 08-14142
Non-Argument Calendar
_____

D. C. Docket No. 07-00182-CR-WS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CLINTON LEMONT PETTAWAY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 30, 2009)

Before BLACK, BARKETT and MARCUS, Circuit Judges.

PER CURIAM:

Clinton Lemont Pettaway appeals his sentence resulting from an

enhancement, pursuant to 18 U.S.C. § 924(c)(1)(A)(ii), for brandishing a firearm

that he used or carried during and in relation to, or possessed in furtherance of, a

drug trafficking crime, here, possessing with intent to distribute cocaine base, in violation of 21 U.S.C. § 841(a)(1). On appeal, Pettaway argues that he brandished the firearm while attempting to buy cocaine base, not while selling cocaine, and, accordingly, did not brandish the firearm "in relation to" the underlying drug trafficking offense. After careful review, we affirm.

The interpretation of a criminal statute is a question of law that we review <u>de novo</u>. <u>United States v. Murrell</u>, 368 F.3d 1283, 1285 (11th Cir. 2004).

Section 924 provides:

> [A]ny person who, during and in relation to any . . . drug trafficking crime . . . , uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime . . .
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years;
>
> (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A). Section 924(c)(1)(A) defines a single criminal offense for using or carrying a firearm during a crime of violence, while the "brandished" and "discharged" subsections are sentencing factors. <u>See</u> <u>United States v. Gray</u>, 260 F.3d 1267, 1281-82 (11th Cir. 2001).

To satisfy the possession-in-furtherance-of prong of the offense, the government must show that there was a nexus between the possession and the underlying offense, such that the defendant's possession of the firearm "helped, furthered, promoted, or advanced the drug trafficking." United States v. Timmons, 283 F.3d 1246, 1252 (11th Cir. 2002). The nexus:

> can be established by the type of drug activity that is being conducted, accessibility of the firearm, the type of the weapon, whether the weapon is stolen, the status of the possession (legitimate or illegal), whether the gun is loaded, proximity to the drugs or drug profits, and the time and circumstances under which the gun is found.

Id. at 1253 (quotation omitted). The Supreme Court, in holding that the "discharge" sentencing-factor enhancement requires no separate proof of intent, recently rejected the construction of § 924(c)(1)(A) as applying the "in relation to" and "in furtherance" phrases to the sentencing-factor subsections. See Dean v. United States, 129 S. Ct. 1849, 1854, 1856 (2009). Finally, a firearm is "brandished" if the defendant displays all or part of the firearm, or otherwise makes its presence known to another person, in order to intimidate that person. 18 U.S.C. § 924(c)(4).

As applied here, the Supreme Court's recent construction of § 924(c)(1)(A) indicates that the government did not need to prove that Pettaway brandished the firearm "in relation to" or "in furtherance of" the drug trafficking crime. See Dean,

129 S. Ct. at 1854. Rather, the government needed to establish only that Pettaway: (1) used or carried the firearm in relation to, or possessed the firearm in furtherance of, the drug trafficking offense, i.e., that he committed the elements of an offense under § 924(c)(1)(A); and (2) brandished the firearm at that time.

The first part was established by Pettaway's conviction on Count Two, which he does not challenge. Indeed, the trial testimony and PSI readily supported the inferences that the firearm, which Pettaway possessed illegally as a convicted felon, was on his person (as was the crack cocaine), was loaded, had an obliterated serial number, and was used to beat another man during a fight arising out of some type of drug deal. Accordingly, the nexus between the gun and his possession with intent to distribute crack cocaine was established by the accessibility of the gun, its proximity to the drugs, the likelihood that the weapon was stolen, the fact that he possessed it illegally, and the time and circumstances under which it was found. See Timmons, 283 F.3d at 1253.

The government clearly satisfied the brandishing prong as well, by demonstrating that Pettaway displayed the firearm or made its presence known in order to intimidate another, as the evidence at trial plainly demonstrated that Pettaway pistol-whipped the other man during a fight. See 18 U.S.C. § 924(c)(4). In addition, the sentencing enhancement was proper because the brandishing was

4

done in the course of the underlying offense -- possessing the firearm in furtherance of possessing with intent to distribute crack cocaine. Cf. Dean, 129 S. Ct. at 1854, 1856. In short, the district court did not err in applying the enhancement.

**AFFIRMED.**