[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-11312
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 3, 2010
JOHN LEY
CLERK

D. C. Docket No. 08-00133-CR-TWT-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

KENNETH CHASE,
a.k.a. Kenneth V. Chase,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 3, 2010)

Before EDMONDSON, BIRCH and BLACK, Circuit Judges.

PER CURIAM:

Kenneth Chase appeals his conviction and 188-month sentence for using a computer to attempt to entice a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Chase asserts three arguments on appeal, which we address in turn. After review, we affirm Chase's conviction and sentence.

I.

Chase first contends § 2422(b) does not permit conviction when a minor is not present. Chase asserts he never spoke with anyone except for an undercover law officer, and in the absence of an actual child victim, he cannot be convicted under 18 U.S.C. § 2422(b) without reading words into the statute that are not present. Chase concedes this Court has already held that, under circumstances identical to his own, he may be convicted under § 2422(b). *See United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004) (holding a defendant may be convicted under § 2422(b) for attempting to entice or induce a minor to engage in unlawful sexual conduct where "a defendant believed he was communicating with a minor, but was actually communicating with an undercover government agent"). Under the prior panel precedent rule, "[w]e may disregard the holding of a prior opinion only where that holding is overruled by the Court sitting en banc or by the Supreme Court." *United States v. Kaley*, 579 F.3d 1246, 1255 (11th Cir. 2009)

(quotations omitted).  Chase's contentions directly contradict our binding precedent, and his argument is without merit.

II.

Chase next asserts the district court erroneously admitted prior act evidence under Federal Rule of Evidence 404(b).  We review evidentiary rulings, including the admission of evidence under Rule 404(b), for abuse of discretion. *United States v. Gari*, 572 F.3d 1352, 1361 (11th Cir. 2009).  Evidence of a prior bad act may not be admitted as proof of bad character.  Fed. R. Evid. 404(b).  However, it may be admitted "as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident."  *Id.*

Rule 404(b) evidence is subject to a three-part test for admissibility:  (1) the evidence must be relevant to an issue other than the defendant's character; (2) there must be sufficient proof that a jury could find by a preponderance of the evidence the defendant committed the act; and (3) the probative value must not be substantially outweighed by its undue prejudice, as per Federal Rule of Evidence 403.  *United States v. Edouard*, 485 F.3d 1324, 1344 (11th Cir. 2007).

"To establish relevance under the first prong where testimony is offered as proof of intent, it must be determined that the extrinsic offense requires the same intent as the charged offense."  *United States v. Dickerson*, 248 F.3d 1036, 1047

(11th Cir. 2001) (quotations omitted). The "same intent" requirement will be

satisfied if the prior act and the charged crime "involve the same mental state." *Id*.

However, evidence of a prior bad act involving the same subject matter will not

necessarily translate to same intent. *See United States v. Marshall*, 173 F.3d 1312,

1317 (11th Cir. 1999) (holding a prior arrest for being present in a house where

drug production took place, without any other evidence linking the defendants to

that drug production, was inadmissible to show intent to distribute in defendants'

pending possession and conspiracy charges). Additionally, even substantially

similar conduct may not necessarily be indicative of the same intent. *See United*

*States v. Dothard*, 666 F.2d 498, 503 (11th Cir. 1982) (holding because it was

unclear what defendant's intent was at the time he made a prior misstatement while

procuring a driver's license, the prior misstatement was insufficient to show the

defendant had an intent to deceive when making the misstatements for which he

was charged).

Regarding the second prong, there must be sufficient evidence for a jury to

find the defendant committed the extrinsic act the Government alleges, but the act

itself need not be criminal. *See United States v. Beechum*, 582 F.2d 898, 903 n.1

(5th Cir. 1978)[1] ("Our analysis applies whenever the extrinsic activity reflects

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), this Court adopted as binding precedent all decisions of the former Fifth Circuit handed down prior

adversely on the character of the defendant, regardless whether that activity might give rise to criminal liability.").

With regard to the third prong, "whether the probative value of Rule 404(b) evidence outweighs its prejudicial effect depends upon the circumstances of the extrinsic offense." *Edouard*, 485 F.3d at 1345 (quotations omitted). Similarity between the prior bad act and the charged conduct will make the other offense highly probative of the defendant's intent in the charged offense. *United States v. Ramirez*, 426 F.3d 1344, 1354 (11th Cir. 2005). Moreover, the risk of undue prejudice can be reduced by an appropriate limiting instruction. *Id.*

The Government introduced three pieces of evidence, all obtained from Chase's computer: (1) images depicting young girls in sexually provocative poses; (2) titles of video files that suggested that they may contain child pornography; and (3) a transcript of a chat in which Chase described his molestation of a child. The evidence was admitted, in large part, as proof Chase possessed the requisite specific intent to entice a minor into engaging in unlawful sexual acts.

With regard to the images and the chat excerpt, both tend to show, as the district court pointed out, "an interest in sex with young girls." Chase's reliance on *Marshall*, 173 F.3d at 1317, and *Dothard*, 666 F.2d at 503, is misplaced because

---

to close of business on September 30, 1981.

they both involve instances where the defendant's intent while committing the prior acts is unclear. By contrast, the intent to entice a young girl into performing unlawful sexual acts necessarily involves a sexual interest in young girls, which is the intent underlying Chase's viewing sexually provocative images of young girls and chatting online about molesting a young girl. Therefore, the images and the chat excerpt both involve the same mental state as the charged offense, and they satisfy the first prong of the Rule 404(b) admissibility test. Although neither the chat transcript nor the images are necessarily indicative of criminal offenses, they do not need to be. To the extent the Government introduced these as proof of Chase's intent to follow through with his enticement of a minor to commit unlawful sexual acts, the presence of both the images and the chats on Chase's computer is sufficient for a jury to conclude, by a preponderance of the evidence, the images and chats belonged to Chase. Finally, the evidence is probative, particularly to rebut Chase's denial that he intended to follow through with the acts he talked about with "Sarah." The Government established the images were accessed during times corresponding with his communications with "Sarah." Moreover, the acts Chase described in the chat bore a direct parallel to his plans for the meeting with Sarah and Katie, and so these pieces of evidence were highly probative of his intent to entice a minor to commit sexual acts. Additionally, any

prejudicial value was mitigated by the court's limiting instruction. Because the probative value of the images and chat were high, and their prejudicial value was reduced by the court's limiting instruction, their probative value was not outweighed by the risk of unfair prejudice. Therefore, the district court did not abuse its discretion in admitting this evidence.

Assuming *arguendo* the district court erred in admitting the titles of video files purportedly containing child pornography, reversal is not warranted. At trial, Chase conceded he was the one who chatted with "Sarah." He only challenged his conviction on the basis he did not intend to actually entice a minor to commit unlawful sexual acts. The Government presented an abundance of rebuttal evidence, including transcripts of online chats where Chase explicitly said he wanted to convert his fantasy into reality; the fact a search of his car contained the exact items Chase had told "Sarah" he would bring to the encounter; and Chase's own unchallenged post-arrest admissions that had he not been caught, he intended to engage in sexual activity with "Katie" insofar as she and her mother would permit. This evidence at trial was supplemented by the images and by the chat excerpt. Therefore, the jury convicted Chase based on "overwhelming evidence of guilt." *See United States v. Harriston*, 329 F.3d 779, 789 (11th Cir. 2003) ("We have often concluded that an error in admitting evidence of a prior conviction was

7

harmless where there is overwhelming evidence of guilt."). As such, any error the district court may have committed in admitting evidence of the video file names was harmless, and does not require reversal. *Id.*

III.

Chase contends the district court incorrectly assessed its authority to grant a departure under the Guidelines. In doing so, and subsequently declining to grant a departure, Chase asserts, the district court treated the Guidelines as mandatory, resulting in a procedurally unreasonable sentence.

We examine a defendant's sentence for both procedural and substantive reasonableness under an abuse of discretion standard. *United States v. Ellisor*, 522 F.3d 1255, 1273 n.25 (11th Cir. 2008). The standard is deferential, taking into account the totality of the circumstances. *Gall v. United States*, 128 S. Ct. 586, 591, 597 (2007). The party challenging the sentence carries the burden of establishing unreasonableness. *United States v. Flores*, 572 F.3d 1254, 1270 (11th Cir.), *cert. denied*, 130 S. Ct. 568 (2009). A sentence is procedurally unreasonable if the district court fails to calculate or improperly calculates the Guidelines range, treats the Guidelines as mandatory, fails to consider the § 3553(a) factors, selects a sentence based on clearly erroneous facts, or fails to explain adequately the chosen sentence. *United States v. Livesay*, 525 F.3d 1081, 1091 (11th Cir. 2008).

"We lack jurisdiction to review a district court's decision to deny a downward departure unless the district court incorrectly believed that it lacked authority to grant the departure." *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). Under U.S.S.G. § 5K2.22, "[i]n sentencing a defendant convicted of an offense involving a minor victim under . . . chapter 117, of title 18, United States Code: (1) Age may be a reason to depart downward only if and to the extent permitted by § 5H1.1." U.S.S.G. § 5K2.22. Under § 5H1.1, "[a]ge may be a reason to depart downward in a case in which the defendant is elderly and infirm and where a form of punishment such as home confinement might be equally efficient as and less costly than incarceration." U.S.S.G. § 5H1.1.

The district court found Chase was neither elderly nor infirm, and on this basis, rejected Chase's request for a downward departure on the basis of his age. This is consistent with the text of the Guidelines, which, as applicable to § 2422(b) convictions, permit downward departures on the basis of age *only* when the defendant is "elderly or infirm." U.S.S.G. §§ 5H1.1 (emphasis added); 5K2.22. Given the proscriptions in the Guidelines, the district court did not misconstrue its authority to grant a departure after finding Chase was neither elderly nor infirm. *See Dudley*, 463 F.3d at 1228. As such, its refusal to apply a departure was discretionary, and we our without jurisdiction to review it. *See id.*

9

To the extent Chase otherwise challenges the sentence as procedurally unreasonable for treating the Guidelines as mandatory, there is no evidence the district court did so. *See Livesay*, 525 F.3d at 1091. By contrast, the district court expressly acknowledged the advisory nature of the Guidelines and its discretion to consider a variance, and commented it chose not to do so. Therefore, the sentence is procedurally reasonable. *See id.*

IV.

In summary, binding precedent prevents Chase from succeeding on his argument that § 2422(b) does not permit conviction when an actual minor is not present. The images and an online chat excerpt obtained from Chase's computer were admissible under Rule 404(b), and to the extent the titles of the video files were not, this error was harmless and does not mandate reversal. Finally, the district court correctly assessed its authority to impose a downward departure, and recognized the advisory nature of the Guidelines when imposing its sentence. Accordingly, the sentence is reasonable.

**AFFIRMED.**