[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 16-17326
Non-Argument Calendar

_____

D.C. Docket No. 3:15-cr-00035-MCR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROBERT M. GRAFTON, JR.,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(September 25, 2017)

Before TJOFLAT, HULL and WILSON, Circuit Judges.

PER CURIAM:

On June 16, 2015, a Northern District of Florida grand jury returned a two-

count indictment charging Robert Grafton, Jr. in Count One with using a facility in

interstate commerce to persuade, induce, entice and coerce a minor to engage in sexual activity for which any person could be charged with a criminal offense, in violation of 18 U.S.C. § 2422(b), and in Count Two with possessing child pornography that involved a prepubescent minor, in violation of 18 U.S.C. § 2252A(a)(5)(B).  Grafton pled guilty to Count Two.  He pled not guilty to Count One and stood trial before a jury.  He was convicted.  He now appeals his Count One conviction, arguing that the District Court, in charging the jury, erred in defining the term "induce" in § 2422(b) as "to stimulate the occurrence of or to cause the minor's assent." We affirm.

We review the legal correctness of jury instructions *de novo* and the trial court's phrasing of its instructions for abuse of discretion.  *United States v. Seabrooks*, 839 F.3d 1326, 1332 (11th Cir. 2016).  Our task is "to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party."  *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013) (quotation omitted).  "When the jury instructions, taken together, accurately express the law applicable to the case without confusing or prejudicing the jury, there is no reason for reversal even though isolated clauses may, in fact, be confusing, technically imperfect, or otherwise subject to criticism."  *Id.* (quotation omitted).

Section 2422(b) imposes criminal penalties on whoever uses interstate

commerce and "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years[] to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so."  18 U.S.C. § 2422(b).  A conviction for attempt under § 2422(b) requires that the defendant (1) intended to cause assent on the part of the minor, and (2) took actions that constituted a substantial step toward causing assent.  *United States v. Lanzon*, 639 F.3d 1293, 1299 (11th Cir. 2011) (quoting *United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010)).

Section 2422(b) "criminalizes an intentional attempt to achieve a *mental state—a minor's assent.*"  *Lee*, 603 F.3d at 914 (quotation omitted).  On the issue of intent, the Government must prove that the accused "intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity."  *Id.* (quotation omitted).   We have previously held that the term "induce" in § 2422 means "to stimulate the occurrence of; cause," and rejected an alternative definition that rendered it essentially synonymous with the word "persuade."  *United States v. Murrell*, 368 F.3d 1283, 1287 (11th Cir. 2004) (alteration omitted) (quotation omitted).

A panel of this Court must apply its precedent unless this Court sitting *en banc* or the Supreme Court overturns the precedent.  *United States v. Vega-Castillo,* 540 F.3d 1235, 1236 (11th Cir. 2008) (quoting *United States v. Brown*,

3

342 F.3d 1245, 1246 (11th Cir. 2003)).  The District Court applied *Murrell,* as it was bound to do, in defining "induce" as "to stimulate the occurrence of or to cause the minor's assent."  *Murrell* forecloses Grafton's argument.

**AFFIRMED.**[1]

---

[1] Grafton petitioned this Court to hear his appeal in the first instance.  His petition is denied without prejudice to his right to petition the Court for rehearing *en banc*.