[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 17-13495
Non-Argument Calendar
_____

D.C. Docket No. 6:16-cr-00251-RBD-GJK-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

STEVEN ARTHUR MORRILL,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 12, 2018)

Before WILLIAM PRYOR, BRANCH and FAY, Circuit Judges.

PER CURIAM:

Steven Morrill appeals his conviction for attempting to induce a minor to engage in sexual activity. 18 U.S.C. § 2422(b). Morrill argues that the district court erred by instructing the jury that "induce means to stimulate the occurrence of or to cause" because that definition could have caused him to be convicted for causing a minor to engage in sexual activity instead of causing the minor to assent to engage in unlawful sexual activity. We affirm.

"We review *de novo* the legal correctness of jury instructions, but we review the district court's phrasing for abuse of discretion." *United States v. Seabrooks*, 839 F.3d 1326, 1332 (11th Cir. 2016). "We review jury instructions 'to determine whether the instructions misstated the law or misled the jury to the prejudice of the objecting party.'" *Id.* at 1333 (quoting *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013)).

Section 2422(b) punishes "[w]hoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual . . . [less than] 18 years [old], to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so . . . ." 18 U.S.C. § 2422(b). An attempt occurs if the defendant, "using the internet, act[s] with a specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sex." *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). We have explained that

2

"induce" means "to stimulate the occurrence of; cause." *Id.* at 1287. "With regard to intent, the government must prove that the defendant intended to cause assent on the part of the minor, not that he acted with the specific intent to engage in sexual activity." *United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010) (internal quotation marks and citation omitted). We held in *Murrell* that, "[b]y negotiating with the purported father of a minor, [the defendant] attempted to stimulate or cause the minor to engage in sexual activity with him," which "fit[] squarely within the definition of 'induce.'" 368 F.3d at 1287.

The district court did not err in instructing the jury about the charged offense. The district court correctly defined "induce" by employing the same definition we used in *Murrell*. *See United States v. Rutgerson*, 822 F.3d 1223, 1232 (11th Cir. 2016), *cert. denied*, 137 S. Ct. 2158 (2017). And the district court did not need to include the phrase "the assent of" in its definition. The district court instructed the jury repeatedly that the government had to prove that Morrill was guilty of "persuading, inducing, or enticing a minor to engage in sexual activity." The instructions required the jury to find that Morrill acted with the intent to induce a minor, not with the intent to engage in sexual activity with a minor. *See Murrell*, 368 F.3d at 1286.

We **AFFIRM** Morrill's conviction.

3