**NOT FOR PUBLICATION**

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-14203

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

*Plaintiff-Appellee,*

*versus*

AMOL CHANDRASHEKHAR KHEDKAR,
  a.k.a. drbrownee,

*Defendant-Appellant.*

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 3:23-cr-00167-TJC-PDB-1

_____

Before JORDAN, ROSENBAUM, and KIDD, Circuit Judges.

PER CURIAM:

Amol Khedkar appeals his sentence of 150 months' imprisonment, following his guilty plea to attempted enticement of a

minor under twelve to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b). Khedkar argues that his sentence, a downward variance from the guideline range of 168 to 210 months, is substantively unreasonable. In his view, the district court failed to properly weigh various mitigating factors, including his age, health problems, and lack of criminal history, the "irrational" nature of certain sentencing enhancements, and the "manipulat[ion]" of his guideline range through "fictitious" details created by an undercover officer. After careful review, we affirm.

## I.

This case arose out of an undercover operation on the "Kik" social media application. In November 2023, an undercover agent posted on a Kik public group, posing as the father of an eleven-year-old girl. A user named "drbrownee," who turned out to be Khedkar, responded to the agent, and they began conversing through private messages on Kik, and then through text messages by phone.

During this conversation, Khedkar asked the purported father for pictures and details about his daughter, including her sexual history, whether he had engaged in sex acts with her, and how much he charged. Khedkar also made plans to meet the father and girl the following day. Khedkar asked the father if he could kiss the girl and whether she liked chocolate, and he agreed to bring Reese's cups for her. The next day, after arriving at the agreed-upon retail store, he exited his car and began approaching the entrance, where he was met by FBI agents.

After Khedkar's arrest, agents found an unopened packaged of Reese's cups in his car. In addition, a search of his cell phone revealed at least 25 conversations on Kik discussing the sexual exploitation of children, and evidence that he was the administrator of Kik groups with titles suggesting that they catered to users interested in sexual activity with children.[1]

A grand jury indicted Khedkar for attempt to persuade, induce, entice, or coerce a minor under twelve to engage in sexual activity, in violation of 18 U.S.C. § 2422(b). Khedkar ultimately pled guilty without a plea agreement.[2]

Khedkar's presentencing investigation report ("PSR") recommended a total offense level of 35 and a criminal-history category of I, for a resulting guideline range of 168 to 210 months. To calculate the offense level, the PSR started with a base offense level of 28, U.S.S.G. § 2G1.3(a)(3); added two levels for the use of a computer, *id.* § 2G1.3(b)(3); added eight levels because the offense involved a minor under the age of twelve, *id.* § 2G1.3(b)(5); and subtracted three levels for acceptance of responsibility, *id.* § 3E1.1. Khedkar faced a mandatory minimum sentence of 120 months, and a maximum sentence of life imprisonment. Khedkar initially

---

[1] The search of Khedkar's phone also revealed at least 80 photos depicting child sexual abuse material, but the district court expressly declined to consider this fact as part of its sentencing decision.

[2] In doing so, Khedkar abandoned his pursuit of motions to suppress post-arrest statements and evidence from his cell phone.

objected to the eight-level enhancement, but he later withdrew the objection at sentencing.

At sentencing, after Khedkar withdrew his remaining objection, the district court adopted the PSR's calculations and guideline range of 168 to 210 months.  The government argued for a sentence of 168 months, citing details of the offense, Khedkar's other Kik conversations regarding the sexual exploitation of children, and his administration of Kik groups relating to such exploitation. Khedkar's counsel requested the mandatory minimum sentence of 120 months, acknowledging the seriousness of the offense conduct, but emphasizing other mitigating factors, including Khedkar's age (59 at sentencing), physical ailments[3], lack of prior criminal history, and acceptance of responsibility.   Counsel also argued that Khedkar's guideline range was driven by the eight-level enhancement for the age of the purported victim, which was selected by law enforcement, and that without the enhancement the range would have been much lower.

The district court questioned the government about Khedkar's arguments in mitigation.  In particular, the court highlighted the "pretty dramatic" effect the age of the purported victim had on the guideline range, noting that no enhancement would apply if the age had been 12 instead of 11.  The government responded that the enhancement was properly applied, and "that the

---

[3] Defense counsel indicated that Khedkar suffered from high blood pressure, hypertrophic cardiomyopathy, chronic ankle problems, and pain in his neck, back, pelvis, and legs, and said that he was taking eight different medications.

fact that we're on the bubble there at 11 is not sufficient grounds for a variance."

The district court sentenced Khedkar to 150 months' imprisonment, plus ten years of supervised release.  In explaining its sentence, the court found that Khedkar committed an "extremely serious crime," since he had "travel[ed] to engage in what he thought was going to be sexual activity with an 11-year-old."  And while there was no real victim, the court noted, "it certainly could have been a real child and a real victim."  The court discussed Khedkar's history and characteristics, including his lack of criminal history and "responsible position in the community," his "advanced age," and his acceptance of responsibility.  The court noted that Khedkar's circumstances were not "unusual" for enticement cases.  The court also referenced the need to avoid unwarranted sentencing disparities and the guideline range, including the two-level increase for using a computer, which the court noted was imposed "in virtually 100 percent of the cases" and was often grounds for a variance.

Based on all these factors, the district court concluded that a sentence "in the vicinity of the guideline range" was appropriate to reflect the seriousness of the offense, afford adequate deterrence, and protect the public.  The court opined that a mandatory minimum sentence of 120 months, while significant, was not sufficient based on the § 3553(a) factors and the facts of the case.  Khedkar objected to the reasonableness of the sentence, and he now appeals.

## II.

We review the substantive reasonableness of a sentence under a deferential abuse-of-discretion standard. *United States v. Boone*, 97 F.4th 1331, 1339 (11th Cir. 2024). Under that standard, "[w]e may vacate the sentence only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors to arrive at an unreasonable sentence based on the facts of the case." *Id.* The party challenging the sentence bears the burden of showing that the sentence is unreasonable. *United States v. Curtin*, 78 F.4th 1299, 1311 (11th Cir. 2023).

We consider whether a sentence is substantively reasonable based on the totality of the facts and circumstances and in light of the 18 U.S.C. § 3553(a) sentencing factors. *United States v. Steiger*, 107 F.4th 1315, 1321 (11th Cir. 2024). Based on those facts and factors, the district court must impose a sentence that is sufficient but not greater than necessary to comply with the purposes of sentencing listed in § 3553(a)(2). 18 U.S.C. § 3553(a).

Sentencing courts have "substantial discretion" when weighing the § 3553(a) factors, *United States v. Howard*, 28 F.4th 180, 205 (11th Cir. 2022), and we may not "set aside a sentence merely because we would have decided that another one is more appropriate," *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (en banc). Rather, "[w]e may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *Id.*

Here, Khedkar has not shown that his 150-month prison sentence is substantively unreasonable. The record shows that the district court carefully considered the parties' arguments and the § 3553(a) factors, including the PSR, the sentencing enhancements and corresponding guideline range, and the needs of sentencing. The court reasoned that Khedkar's conduct was "extremely serious" because he "travel[ed] to engage in what he thought was going to be sexual activity with an 11-year-old" and had engaged in numerous other conversations on Kik regarding the sexual exploitation of children. And the court determined, based on its review of the § 3553(a) factors, that a sentence of 150 months—30 months above the statutory minimum—was necessary to meet the needs of sentencing, including just punishment for the severity of the offense, deterrence, and protection of the public.

After giving a "full measure of deference to the sentencing judge," we cannot say that the sentence imposed is truly unreasonable or outside the bounds of a reasonable sentence. *Irey*, 612 F.3d at 1191. The sentence was below the guideline range of 168 to 201 months[4], and well below the statutory maximum of life, which are

---

[4] Although Khedkar claims that the sentencing enhancements for use of a computer and a victim under the age of 12 are "irrational" as applied in this case, or the product of manipulation, he does not dispute that the guideline range was correctly calculated, and he waived any manipulation claim in the district court by withdrawing his objection to the eight-level victim enhancement at sentencing. *See United States v. Horsfall*, 552 F.3d 1275, 1283–84 (11th Cir. 2008) (holding that a defendant's affirmative withdrawal of a sentencing objection waives review of the objection on appeal).

both "indicative of reasonableness." *United States v. Coglianese*, 34 F.4th 1002, 1009 (11th Cir. 2022). The sentence is also well within the range of sentences we have approved for violating § 2422(b). *See, e.g.*, *United States v. Nagel*, 835 F.3d 1371, 1376–77 (11th Cir. 2016) (upholding a 292-month sentence, at the bottom of the guidelines range, for a defendant convicted of enticement of a minor). While Khedkar relies on broad sentencing statistics to suggest that the sentence was outside the norm, these figures are not responsive to the court's individualized assessment of the § 3553(a) factors in this case.

Moreover, the record belies Khedkar's claim that the district court failed to consider his evidence and arguments in mitigation. Rather, the record reflects that the court considered these matters—including his age, lack of criminal history, and arguments about the sentencing enhancements—and simply gave them different weight than Khedkar assigns them. That was within the court's broad discretion. *See Howard*, 28 F.4th at 205. The court was not required to vary downward in the absence of a real victim. *Cf. United States v. Murrell*, 368 F.3d 1283, 1289 (11th Cir. 2004) (holding that a similar age-based enhancement was "directed at the defendant's intent, rather than any actual harm caused to a genuine victim," so "there is no difference between an undercover officer victim and a fictitious victim").

For these reasons, we affirm Khedkar's sentence.

**AFFIRMED.**