[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-10544
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-00153-WS-C-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MURALI KRISHNA A. REDDY,
a.k.a. pravincrazyxxx@yahoo.com,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama
_____

(March 13, 2014)

Before WILSON, JORDAN and ANDERSON, Circuit Judges.

PER CURIAM:

Murali Krishna Reddy appeals his conviction for attempting to use a facility of interstate commerce to knowingly persuade, induce, entice, or coerce a minor to engage in sexual activity, in violation of 18 U.S.C. § 2422(b).  Mr. Reddy became the subject of an undercover law enforcement operation after an officer using the persona of a 15-year-old boy named "Steven" responded to Mr. Reddy's online Craigslist ad for oral sex.  Through a series of e-mails and text messages, Mr. Reddy set up a meeting with "Steven" for oral sex.  Officers arrested Mr. Reddy upon his arrival at the designated meeting place.

Mr. Reddy challenges his conviction on three grounds:  (1) the evidence presented at trial was insufficient to support his conviction because he did not learn that "Steven" was 15 years old until after "Steven" had assented to engage in sexual activity; (2) the district court's jury instructions constructively amended his indictment by including attempt to violate 18 U.S.C. § 2422(b), where the indictment did not clearly allege attempt; and (3) multiple instances of prosecutorial misconduct during closing arguments deprived him of a fair trial.

After carefully reviewing the parties' briefs and the relevant portions of the records, we affirm.

## I.  Sufficiency of Evidence

We review *de novo* a verdict challenged for sufficiency of the evidence. *United States v. Farley*, 607 F.3d 1294, 1333 (11th Cir. 2010).  We view the

2

evidence in the light most favorable to the government and resolve all reasonable inferences and credibility evaluations in favor of the jury's verdict. *United States v. Doe*, 661 F.3d 550, 560 (11th Cir. 2011).

To sustain a conviction for a crime of attempt under 18 U.S.C. § 2422(b), the government first must prove (1) that the defendant acted with the specific intent to persuade, induce, entice, or coerce a minor[1] to engage in unlawful sexual activity, and (2) that he took a substantial step toward the commission of the offense. *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). As to intent, the government must prove that the "defendant intended to cause assent on the part of the minor," not that he acted with the specific intent to engage in the sexual activity. *United States v. Lee,* 603 F.3d 904, 913 (11th Cir. 2010). An attempt to "stimulate or cause the minor to engage in sexual activity" fits the statutory definition of persuasion or inducement. *Murrell*, 368 F.3d at 1287.

"A substantial step can be shown when the defendant's objective acts mark his conduct as criminal and, as a whole, strongly corroborate the required culpability." *United States v. Yost*, 479 F.3d 815, 819 (11th Cir. 2007) (quotation omitted). In *Murrell*, for example, we held that the defendant, who had arranged to have sex with a minor at a hotel, took a substantial step toward his goal of inducing

---

[1] A defendant can be convicted of an attempt offense under 18 U.S.C. § 2422(b) even if there is no actual minor victim. *See United States v. Root*, 296 F.3d 1222, 1227 (11th Cir. 2002) (holding that the defendant's "belief that a minor was involved is sufficient to sustain an attempt conviction"), *superseded by Guideline amendment on other grounds, as recognized in United States v. Jerchower*, 631 F.3d 1181, 1186-87 (11th Cir. 2011).

her to engage in sexual activity because he (1) made incriminating statements to an undercover law enforcement officer; (2) traveled several hours to meet the girl at the hotel; and (3) brought with him a teddy bear, money to pay the girl's father, and a box of condoms. *Murrell*, 368 F.3d at 1288. *See also Yost*, 479 F.3d at 820 (holding that the defendant took a substantial step that "crossed the line from mere 'talk' to inducement" by placing a call to an undercover officer posing as a minor, posting sexually explicit pictures online, and making arrangements to meet the minor).

Here, the evidence was sufficient to support Mr. Reddy's conviction for an attempt offense under § 2422(b).

First, there was sufficient evidence for the jury to find that Mr. Reddy intended to cause a minor to assent to unlawful sexual activity. *See Lee*, 603 F.3d at 914. Throughout their e-mail and text-message correspondence, Mr. Reddy specifically and repeatedly asked the 15-year-old "Steven" whether he agreed to perform oral sex.[2] Additionally, the correspondence showed that Mr. Reddy intended to induce "Steven" to engage in oral sex by discussing with him where

---

[2] Although some of Mr. Reddy's comments were rather sheepish and betrayed worry that "Steven" would not want to go through with the plan (e.g., "r u sure u wanna do this?" or "i am not among those cute asian guys"), a jury could very reasonably interpret these comments as designed to shore up "Steven's" assent and thus "stimulate or cause [him] to engage in sexual activity." *See Murrell*, 368 F.3d at 1287. Indeed, sheepish enticement is still enticement.

they could meet, sending him a photo, asking him whether he had "done it before," and mentioning the size of his own genitalia. *See Murrell*, 368 F.3d at 1287.[3]

Second, there was sufficient evidence for the jury to find that Mr. Reddy took a "substantial step" toward causing "Steven" to assent to sexual contact with him. *See Lee*, 603 F.3d at 915. Mr. Reddy asked for "Steven's" phone number and initiated a text-message conversation, during which he explicitly propositioned "Steven" for oral sex. *See Yost*, 479 F.3d at 820 (finding that a call placed to an undercover officer posing as a minor constituted a substantial step); *Murrell*, 368 F.3d at 1288 (finding that incriminating statements to an undercover officer constituted a substantial step). Mr. Reddy also made arrangements to meet "Steven" at a specified location, and he later drove to that location. *See Yost*, 479 F.3d at 820; *Murrell*, 368 F.3d at 1288.

Mr. Reddy's argument that "Steven" agreed to oral sex before revealing his age—and that consequently Mr. Reddy neither had the intent nor took a substantial step to cause a minor's assent—fails for two reasons. For starters, the record is unclear as to whether "Steven" assented to perform a specific sexual activity before telling Mr. Reddy that he was 15 years old. "Steven's" first e-mail to Mr. Reddy stated that he "was interested," and his second e-mail gave his age as 15 and

---

[3] The fact that Mr. Reddy did not post his initial ad on a forum designed for adults to meet minors, unlike the defendants in *Murrell* and *Yost*, does not take his subsequent conduct out of § 2422(b)'s scope. After he learned "Steven" was only 15 years old, he continued to make comments—e.g. "u wanna suck me?"—that a jury could reasonably interpret as intended to "cause the minor to engage in sexual activity." *See Murrell*, 368 F.3d at 1287.

discussed whether Mr. Reddy would "host."   In neither e-mail, however, did "Steven" expressly state that he assented to oral sex or any other sexual activity. In addition, the record is clear that once Mr. Reddy learned that "Steven" was 15 years old, he specifically and repeatedly asked "Steven" if he would assent to perform oral sex.  *See Lee*, 603 F.3d at 914.

Thus, the evidence was sufficient to support both the intent and the substantial step requirements for an attempt offense under § 2422(b).[4]

## II.  Constructive Amendment of Indictment

We review jury instructions *de novo* to determine whether they misstated the law or misled the jury.  *United States v. Simpson*, 228 F.3d 1294, 1298 (11th Cir. 2000).   Constructive amendment of an indictment generally constitutes *per se* reversible error.  *United States v. Behety*, 32 F.3d 503, 508 (11th Cir. 1994).  We recently held, however, that "in cases where the defendant fails to object to a constructive amendment, we apply traditional plain-error review."  *United States v. Madden*, 733 F.3d 1314, 1322 (11th Cir. 2013) (11th Cir. 2013).

---

[4] Mr. Reddy argues that even if there is sufficient evidence to convict him, we should recommend this case for *en banc* review so that we may reconsider the definition of "inducement" as used in the context of § 2422(b).  We decline the invitation.  An *en banc* hearing "an extraordinary procedure intended to bring to the attention of the entire court a precedent-setting error of exceptional importance in an appeal or other proceeding," as well as "a panel opinion that is allegedly in direct conflict with precedent of the Supreme Court or of this circuit."  11th Cir. R. 35-3.  No such circumstances exist here.  Mr. Reddy concedes that we are bound by the definition of "inducement" given in *Murrell*, 368 F.3d at 1287.  Although he argues that this definition conflicts with other courts' definitions, he does not contend that Murrell conflicts with our precedent or with a Supreme Court decision.

A constructive amendment occurs "when the essential elements of the offense contained in the indictment are altered to broaden the possible bases for conviction beyond what is contained in the indictment." *United States v. Keller*, 916 F.2d 628, 634 (11th Cir. 1990).  A constructive amendment does not occur simply because a "jury instruction did not exactly match the form of the indictment," so long as "the substance of the indictment remained intact." *United States v. Moore*, 525 F.3d 1033, 1046 (11th Cir. 2008).  In determining whether an indictment is sufficient, we read it as a whole and give it a "common sense construction." *United States v. Jordan*, 582 F.3d 1239, 1245 (11th Cir. 2009) (quotations omitted). Additionally, "[t]he law is well established that where an indictment charges in the conjunctive several means of violating a statute, a conviction may be obtained on proof of only one of the means, and accordingly the jury instruction may properly be framed in the disjunctive." *Simpson*, 228 F.3d at 1300.

We review whether the district court constructively amended Reddy's indictment for plain error because Mr. Reddy failed to raise objections on the matter before the court.  *See Madden*, 733 F.3d at 1322.  The district court did not plainly err because the jury's instructions reflected the substance of the indictment.  *See Moore*, 525 F.3d at 1046.  The indictment alleged that Reddy had "used and attempted to use a facility of interstate commerce . . . to knowingly persuade,

7

induce, entice, and coerce" a minor to engage in a sexual activity." The "common sense construction" of this language is that it conjunctively charged Mr. Reddy with both the attempted and completed offense. *See Jordan*, 582 F.3d 1239, 1245. The indictment's use of the conjunctive, in turn, allowed the jury to be charged that the government need only prove the attempted offense. *See Simpson*, 228 F.3d at 1300.[5]

Accordingly, the district court did not constructively amend the indictment, and thus did not commit plain error. *See Madden*, 733 F.3d at 1322; *Moore*, 525 F.3d at 1046.

### III.  Prosecutorial Misconduct

Finally, Mr. Reddy argues that he was deprived of a fair trial due to multiple instances of prosecutorial misconduct during closing arguments. We ordinarily review a claim of prosecutorial misconduct *de novo*. *United States v. Merrill*, 513 F.3d 1293, 1306 (11th Cir. 2008). "However, with respect to a prosecutor's statements made during closing where the defendant did not raise this objection at trial, we review only for plain error," which is an error that is "so obvious that failure to correct it would jeopardize the fairness and integrity of the trial." *Id.* at 1306-07 (quotation omitted). To establish prosecutorial misconduct, "(1) the

---

[5] Mr. Reddy's suggested interpretation of his indictment—that the word "attempt" modified only the phrase "to use a facility of interstate commerce"—does not make sense. Mr. Redding could never complete his persuasion, inducement, enticement, or coercion of a minor if he attempted, but failed, to use an interstate-commerce facility. Thus, logically, "attempt" can only be understood to modify the entire sentence including "persuade, induce, entice. . . ."

remarks must be improper, and (2) the remarks must prejudicially affect the substantial rights of the defendant." *Id.* at 1307 (quotation omitted). A defendant's substantial rights are prejudicially affected when a reasonable probability arises that, but for the remarks, the outcome of the trial would have been different. *United States v. Eckhardt*, 466 F.3d 938, 947 (11th Cir. 2006).

As Mr. Reddy did not raise any objections to the government's closing argument, we review for plain error. *See Merrill*, 513 F.3d 1306-07. Mr. Reddy challenges three statements that the government made during closing argument: (1) references to Mr. Reddy's position as a pediatrician that were allegedly designed to enflame the jury's emotions;[6] (2) references to Mr. Reddy's subpoena power that improperly shifted the burden of proof onto Mr. Redding;[7] and (3) a statement that improperly bolstered the testifying police officers' credibility.[8]

Of these three statements, only the first is potentially improper. The statement regarding Mr. Redding's subpoena power was proper because Mr. Redding had specifically called attention to the government's failure to call the

---

[6] The prosecutor referred to Mr. Reddy as "a pediatric resident," "a doctor who's supposed to heal children and instead is trying to hurt one." He further stated that Mr. Redding had "a responsibility to take care of children. He abused that. He took advantage of it, and that is wrong."

[7] In response to Mr. Redding's statement to the jury that the government failed to call a certain witness, the prosecutor stated that Mr. Reddy "can compel anybody to be here. That's one of the rights that the Defendant has. The Court can issue subpoenas and compel anybody to be here and testify."

[8] The prosecutor stated that the investigating officers had "no motive for coming in here and telling you a lie, risking their careers, risking their futures, risking their reputations."

witness in question. *See United States v. Hernandez*, 145 F.3d 1433, 1439 (11th Cir. 1998) (quotation omitted) ("[I]t is not improper for a prosecutor to note that the defendant has the same subpoena powers as the government, particularly when done in response to a defendant's argument about the prosecutor's failure to call a specific witness."). The statement regarding the testifying police officers was not improper bolstering because it merely "acknowledg[ed] that adverse legal consequences would flow from lying under oath" and responded to Mr. Redding's strategy "to attack and undermine the credibility" of the officers, both of which are permissible. *See United States v. Bernal-Benitez*, 594 F.3d 1303, 1314 (11th Cir. 2010).

As to the statement regarding Mr. Redding's being a pediatrician, it was improper because his job was irrelevant to whether he had violated 18 U.S.C. § 2422(b). However, Mr. Reddy cannot demonstrate prejudice in light of the strong independent evidence of his guilt. The emails and text messages that he sent to "Steven" propositioning him for oral sex, as well as his arrival at the designated meeting place, provided an ample basis for the jury to convict him. He has thus not shown "a reasonable probability . . . that, but for the remarks, the outcome of the trial would have been different." *See Eckhardt*, 466 F.3d at 947. Moreover, the curative effect of the district court's repeated advisements to the jury that attorneys' statements were not evidence weigh against Mr. Reddy's claim.

*See United States v. Lopez,* 590 F.3d 1238, 1256 (11th Cir. 2009) ("Prosecutorial misconduct must be considered in the context of the entire trial, along with any curative instruction.").

### III.

Mr. Reddy's conviction for an attempt offense under 18 U.S.C. § 2422(b) is affirmed.

**AFFIRMED.**