[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-10225
Non-Argument Calendar
_____

D.C. Docket No. 8:14-cr-00209-JDW-MAP-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES PATRICK BAKER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(April 13, 2016)

Before JORDAN, JULIE CARNES, and ANDERSON, Circuit Judges.

PER CURIAM:

James Baker appeals his conviction for using a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in an unlawful sexual act, in violation of 18 U.S.C. § 2422(b). On appeal, he argues that the district court erred in denying his motion for acquittal because the evidence showed that he attempted to have sex with a fictitious minor, instead of attempting to cause a fictitious minor to assent to have sex. The chats, other than the five instances of "at least some persuasion or mild coercion" by the government that the court identified, showed that he merely agreed to have sex. The sexually explicit discussions before or after the undercover agent indicated that she would allow the fictitious minor to have sex with him cannot be reasonably interpreted as his attempting to induce the fictitious minor to have sex, because the undercover agent was the cause of the agreement to have sex. Also, the fictitious minor could decide whether or not to have sex with him.

We review the sufficiency of the evidence *de novo*, viewing the evidence and all reasonable inferences in favor of the government and the jury's verdict. *United States v. Garcia*, 405 F.3d 1260, 1269 (11th Cir. 2005). A conviction must be affirmed unless, under no reasonable construction of the evidence, could the jury have found the appellant guilty beyond a reasonable doubt. *Id.*

The jury is free to draw between reasonable interpretations of the evidence presented at trial. *United States v. Browne*, 505 F.3d 1229, 1253 (11th Cir. 2007).

2

"Credibility determinations are left to the jury and the jury's verdict will not be disturbed on appeal unless the testimony is 'incredible as a matter of law.'" *United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) (quoting *United States v. Calderon*, 127 F.3d 1314, 1325 (11th Cir. 1997)).  Testimony is only "incredible" if it relates to "facts that the witness could not have possibly observed or events that could not have occurred under the laws of nature." *Flores*, 572 F.3d at 1263 (quotations omitted).

Section 2422(b) states, in relevant part:

> Whoever, using the mail or any facility or means of interstate or foreign commerce . . . knowingly persuades, induces, entices, or coerces any  individual who has not attained the age of 18 years, to engage in prostitution     or any sexual activity for which any person can be charged with a criminal  offense, or attempts to do so, shall be fined . . . and imprisoned.

18 U.S.C. § 2422(b).  This statute criminalizes both the completed offense and an attempt to commit the offense.  *See id.*  In order to sustain a conviction for attempt, "the government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense." *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004).

Regarding proof of intent, the government must prove that the "defendant intended to cause assent on the part of the minor," not that he acted with the specific intent to engage in the sexual activity.  *United States v. Lee*, 603 F.3d 904,

3

914 (11th Cir. 2010). It is the persuasion, inducement, enticement, or coercion of the minor, rather than the sex act itself, that is prohibited by the statute. *Murrell*, 368 F.3d at 1286. An attempt to "stimulate or cause the minor to engage in sexual activity" fits the statutory definition of persuasion or inducement. *Id.* at 1287.

We have held that "direct communication with a minor or supposed minor is unnecessary under the text of § 2422(b)." *Id.* at 1288. In *Murrell*, the defendant was charged with violating the attempt clause of § 2422(b), even though his only contact was with an undercover police officer posing as an adult man with a fictitious teen daughter. *Id.* at 1284. We held that, by contacting the fictitious parent in order to "cause the minor to engage in sexual activity with him," the defendant had the necessary specific intent to violate the attempt provision of § 2422(b). *Id.* at 1287 (noting that "the efficacy of § 2422(b) would be eviscerated if a defendant could circumvent the statute simply by employing an intermediary to carry out his intended objective").

Regarding proof of the "substantial step," the government must prove that the defendant took a substantial step toward causing assent on the part of the minor, not necessarily toward causing actual sexual contact. *Lee*, 603 F.3d at 914. "A substantial step can be shown when the defendant's objective acts mark his conduct as criminal and, as a whole, strongly corroborate the required culpability." *United States v. Yost*, 479 F.3d 815, 819 (11th Cir. 2007) (quotation omitted). In

4

*Murrell*, we held that the defendant, who had arranged to have sex with a minor at a hotel, took a substantial step toward his goal of inducing her to engage in sexual activity because he (1) made incriminating statements to an undercover law enforcement officer, (2) traveled several hours to meet the girl at the hotel, and (3) brought with him a teddy bear, money to pay the girl's father, and a box of condoms. *Murrell*, 368 F.3d at 1288; *see also Yost*, 479 F.3d at 820 (finding that the defendant made a substantial step that "crossed the line from mere 'talk' to inducement" by placing a call to an undercover officer posing as a minor, posting sexually explicit pictures online, and making arrangements to meet the minor).

The district court did not err in denying Baker's motion for acquittal based on insufficient evidence to sustain a conviction for using a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in an unlawful sexual act. Viewing the evidence and all reasonable inferences in favor of the government and the jury's verdict, evidence showed that Baker used a telephone to knowingly attempt to induce the fictitious minor to engage in an unlawful sexual act. *Garcia*, 405 F.3d at 1269.

Specifically, regarding intent, there was sufficient evidence for the jury to find that Baker intended to cause a fictitious minor to assent to unlawful sexual activity. *Lee*, 603 F.3d at 914. He showed that he was a "nice fun guy" who could be trusted to engage in unlawful sexual activity, and he knew that the fictitious

minor would be participating in the unlawful sexual contact when he made requests. He asked the undercover agent about the fictitious minor's bra size, pubic hair, and sexuality, what kind of sexual contact she would allow, and what kind of sexual contact the fictitious minor wanted. He also asked repeatedly about the fictitious minor's responses to what he proposed. *Murrell*, 368 F.3d at 1287.

Also, Baker's phone call with the fictitious minor discussing whether she was anticipating his visit showed how he intended to induce her to engage in unlawful sexual activity. *Murrell*, 368 F.3d at 1287. He mentioned that she wanted him to bring Starbursts for her, which he had when he arrived. *Lee*, 603 F.3d at 915. Also, he said he would go slowly, and that she did not have to do something if she was uncomfortable. *Murrell*, 368 F.3d at 1286-87. Moreover, an officer testified that Baker told him that the fictitious minor was 12, and they would have been naked if law enforcement was not present.

There also was sufficient evidence for the jury to find that Baker took a "substantial step" toward causing the fictitious minor to assent to sexual contact. *See Lee*, 603 F.3d at 915. First, he told the undercover agent what unlawful sexual activity he wanted. *See Murrell*, 368 F.3d at 1288 (finding that incriminating statements to an undercover officer constituted a substantial step). Then, he arranged to meet the undercover agent and the fictitious minor at the rendezvous spot, the vacation rental, and finally, he drove there and brought a condom. *See*

6

*Yost*, 479 F.3d at 820; *see, e.g., Murrell*, 368 F.3d at 1288 (finding that a substantial step is taken when the defendant's "acts as a whole strongly corroborate the required culpability").

In sum, there was sufficient evidence such that a jury could conclude that Baker used a facility and means of interstate commerce to knowingly attempt to persuade, induce, entice, and coerce a minor to engage in an unlawful sexual act, and that Baker was not entitled to a judgment of acquittal, so we affirm.

**AFFIRMED.**

7