[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 20-10050
Non-Argument Calendar
_____

D.C. Docket No. 5:12-cr-00025-MW-CJK-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BRENNON KYLE HOLLEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida
_____

(June 30, 2020)

Before ROSENBAUM, JILL PRYOR, and NEWSOM, Circuit Judges.

PER CURIAM:

After a jury trial, Brennon Holley was convicted of attempting to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b).  The trial evidence showed that Holley, after engaging in sexually explicit conversations over the Internet with a member of law enforcement posing as a 13-year-old girl named "Rhea," arranged and traveled to meet the fictitious minor for the purpose of engaging in sexual activity.  On appeal, Holley challenges the district court's jury instructions regarding the definitions of "substantial step" and "induce."  After careful review, we affirm.

## I.

We begin with the district court's definition of "substantial step."  Holley was convicted of an attempt offense under 18 U.S.C. § 2422(b), which provides as follows:

> Whoever, using the mail or any facility or means of interstate or foreign commerce, . . . knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years, to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so, shall be fined under this title and imprisoned not less than 10 years or for life.

"To prove that a defendant violated § 2422(b) by attempting to induce a minor to engage in sexual activity, the government must show that the defendant (1) had the specific intent to induce a minor to engage in sexual activity, and (2) took a substantial step toward the commission of that offense."  *United States v. Gillis*, 938 F.3d 1181, 1190 (11th Cir. 2019).  As to the substantial-step prong, the government

2

must demonstrate that "the defendant took a substantial step toward causing assent, not toward causing actual sexual contact." *United States v. Lee*, 603 F.3d 904, 914 (11th Cir. 2010) ("The statute criminalizes an intentional attempt to achieve a mental state—a minor's assent." (quotation marks omitted)).

In preparation for trial, the parties submitted proposed jury instructions. Holley requested, in relevant part, the following instruction regarding "substantial step":

> It is not necessary for the Government to prove that the individual was actually persuaded, induced, enticed, or coerced to engage in sexual activity; but it is necessary for the Government to prove that the Defendant intended to engage in some form of unlawful sexual activity with the individual and *knowingly took some action that was a substantial step toward bringing about or engaging in that sexual activity.*
>
> A "substantial step" is an important action leading up to committing an offense—not just an inconsequential act. It must be more than simply preparing. It must be an act that would normally result in committing the offense. **Thus, a substantial step to persuade, induce, entice, or coerce a minor must be confined to the interstate communications between the defendant and the individual. Travel or other activities not related to communications utilizing facilities of interstate commerce cannot be a substantial step.**

The district court gave the jury the non-bolded portion of Holley's requested instruction, with one minor and irrelevant variation in phrasing, but omitted the bolded portion.

On appeal, Holley challenges the district court's "substantial step" instruction on two grounds. First, he contends that, by instructing the jury that the substantial

step must have been "toward bringing about or engaging in that [unlawful] sexual activity" (the italicized portion of the instruction above), the court misled the jury into believing that "traveling to meet the fictitious minor can constitute a substantial step toward an attempted violation of § 2422(b)."  In Holley's view, travel is not a substantial step under § 2422(b) because the substantive crime is "the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself," *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004), and travel is not a substantial step toward causing assent.

Second, relying on these same arguments, Holley contends that the district court abused its discretion by refusing to give the bolded portion of his requested instruction.  He asserts that the court's refusal to give his requested instruction prejudiced his defense and permitted the jury to return a "conviction for conduct falling outside the ambit of the statute."  We address each argument in turn.

## A.

We ordinarily review *de novo* the legal correctness of a jury instruction, though we defer to the district court's choice of phrasing.  *United States v. Isnadin*, 742 F.3d 1278, 1296 (11th Cir. 2014).  To reverse a conviction based on a challenge to a jury instruction, we must be "left with a substantial and ineradicable doubt as to whether the jury was properly guided in its deliberations."  *United States v. Gibson*, 708 F.3d 1256, 1275 (11th Cir. 2013) (quotation marks omitted).

4

But appellate review is not available, even for plain error, "when a party induces or invites the district court into making an error." *United States v. Stone*, 139 F.3d 822, 838 (11th Cir. 1998). A defendant can invite error in jury instructions "by submitting an incorrect jury instruction to the district judge which is then given to the jury." *Id.*; *see United States v. Frank*, 599 F.3d 1221, 1240 (11th Cir. 2010) ("Frank invited error when he not only agreed with the supplemental instructions and special verdict form, but requested them.").

Here, Holley invited any error with regard to the district court's instruction to the jury that "it is necessary for the [g]overnment to prove that the Defendant intended to engage in some form of unlawful sexual activity with the individual and *knowingly took some action that was a substantial step toward bringing about or engaging in that sexual activity*." Holley claims that the instruction was given "over objection," but he fails to identify where in the record he objected to this specific instruction, and our own review of the record confirms that this language was included in his proposed jury instructions. *See* Doc. 164 at 2. Because Holley submitted this instruction, he invited any error and cannot now complain that the district court erred in giving it to the jury. *See Stone*, 139 F.3d at 838.

**B.**

We review the refusal to give a requested jury instruction for an abuse of discretion. *United States v. Rutgerson*, 822 F.3d 1223, 1236 (11th Cir. 2016). "A

5

refusal to incorporate a requested instruction will be reversed only if (1) the requested instruction was substantively correct, (2) the court's charge to the jury did not cover the gist of the instruction, and (3) the failure to give the instruction substantially impaired the defendant's ability to present an effective defense." *Id.* (quotation marks omitted).

As stated above, in a prosecution for attempt under § 2422(b), the government must prove that "the defendant took a substantial step toward causing assent." *Lee*, 603 F.3d at 914; *see Gillis*, 938 F.3d at 1190. We consider the totality of the defendant's conduct when determining whether he took a substantial step toward a violation of § 2422(b). *Lee*, 603 F.3d at 916. A substantial step occurs when "the defendant's objective acts mark his conduct as criminal such that his acts as a whole strongly corroborate the required culpability." *Murrell*, 368 F.3d at 1288.

Here, the district court properly rejected Holley's requested instruction, which excluded "[t]ravel or other activities not related to communications utilizing facilities of interstate commerce" from the substantial-step analysis, because it was not substantively correct.[1] Holley maintains that travel is not a substantial step under § 2422(b) because it has nothing to do with inducing a minor to engage in illegal sex through facilities of interstate commerce, which, in his view, is all that the statute

---

[1] Despite admitting to the district court that the requested instruction "doesn't square with the Eleventh Circuit," Holley now argues, through different counsel, that it is not inconsistent with the law in this Circuit or the plain language of the statute.

criminalizes. But this Court frequently has relied on evidence of travel in concluding that the totality of the defendant's conduct constituted a substantial step toward inducing a minor to engage in unlawful sexual activity.[2] *See, e.g.*, *Gillis*, 938 F.3d at 1188, 1190 (defendant's hour-long drive to meet a fictitious minor was evidence of a substantial step); *United States v. Farley*, 607 F.3d 1294, 1334 (11th Cir. 2010) (defendant's flight to Atlanta to meet a purported mother and child was evidence of a substantial step); *United States v. Yost*, 479 F.3d 815, 820 (11th Cir. 2007) (defendant's travel to meet a fictitious minor at a mall was evidence of a substantial step); *Murrell*, 368 F.3d at 1288 (defendant's two-hour journey to meet a fictitious minor for sex was evidence of a substantial step); *United States v. Root*, 296 F.3d 1222, 1228 (11th Cir. 2002) (defendant's five-hour drive across state lines to meet a fictitious minor was evidence of a substantial step). We have reasoned that travel— even intrastate travel—is evidence of a substantial step because it corroborates a defendant's culpability and demonstrates that his conduct was criminal. *See Yost*, 479 F.3d at 820; *Murrell*, 368 F.3d at 1288.

Accordingly, Holley's requested instruction—attempting to exclude travel, among other actions, from the substantial-step analysis—is not a substantively

---

[2] We reject Holley's suggestion that our reliance on travel as evidence of a substantial step is merely dicta. We see nothing to indicate that the prior panels considered travel superfluous to the holdings in those cases. *See United States v. Gillis*, 938 F.3d 1181, 1198 (11th Cir. 2019) ("[D]icta is a statement that neither constitutes the holding of a case, nor arises from a part of the opinion that is necessary to the holding of the case." (quotation marks omitted)).

7

correct statement of law in this Circuit.  The district court therefore did not abuse its discretion by refusing to give it.  *See Rutgerson*, 822 F.3d at 1236.

## II.

Finally, Holley argues that the district court erred in instructing the jury that the word "induce," as used in § 2422(b), means "to stimulate the occurrence of or to cause."  However, we previously adopted this same definition—"to stimulate the occurrence of; cause"—in *Murrell*, rejecting an alternative definition—"to lead or move by influence or persuasion; to prevail upon"—because it was "essentially synonymous with the word 'persuade.'"  368 F.3d at 1287.

Holley suggests *Murrell* was wrongly decided, but we are bound by that decision, which has not been overruled by this Court *en banc* or by the Supreme Court, under the prior-precedent rule.  *See United States v. Vega-Castillo*, 540 F.3d 1235, 1236 (11th Cir. 2008).  Accordingly, the district court properly instructed the jury, consistent with *Murrell*, that "induce" means "to stimulate the occurrence of or to cause."

For these reasons, we affirm Holley's conviction.

**AFFIRMED.**

8