[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 21-12590

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

MICHAEL DAVIS,
a.k.a. Mikey,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
D.C. Docket No. 8:19-cr-00344-CEH-SPF-1

_____

Before LUCK, LAGOA, and EDMONDSON, Circuit Judges.

PER CURIAM:

Michael Davis appeals his convictions for conspiracy to engage in sex-trafficking of a minor and for attempted sex-trafficking of a minor.[1]  No reversible error has been shown; we affirm.

This case arises from an undercover operation run by the FBI's Human Trafficking Task Force: an operation designed to identify people seeking to recruit young girls into prostitution using social media platforms.  As part of the operation, Investigator Craig Tangeman -- posing as a fictitious 17-year-old girl named Nicole -- created an online profile on the social networking site Tagged.com.  Davis's convictions stem from efforts by Davis and by codefendant Samantha Broadhead to recruit "Nicole" to move from Colorado to Florida to engage in commercial sex acts.

A federal grand jury returned an indictment charging Davis and Broadhead with (1) conspiracy to engage in sex-trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2), 1594(c) (Count 1); and (2) attempted sex-trafficking of a minor, in violation of 18 U.S.C. §§ 1591(a)(1) and (b)(2), 1594(a), and 2 (Count 2). Broadhead pleaded guilty to Count 1 in exchange for the government's dismissal of Count 2; Broadhead was sentenced to 24

_____

[1] Davis raises no challenge to his sentence on appeal.

months' imprisonment. Davis pleaded not guilty and proceeded to a jury trial.

Following a 5-day trial, the jury found Davis guilty of the charged sex-trafficking offenses. The district court later sentenced Davis to concurrent terms of 130 months' imprisonment on each count. This appeal followed.

## I.

We first address the district court's denial of Davis's motions for judgment of acquittal. On appeal, Davis challenges the sufficiency of the evidence (1) showing that Davis was the person who sent the online messages and text messages to Nicole and (2) showing that Davis conspired with Broadhead to recruit Nicole.

"We review *de novo* a district court's denial of judgment of acquittal on sufficiency of evidence grounds." *United States v. Rodriguez*, 732 F.3d 1299, 1303 (11th Cir. 2013). In determining the sufficiency of the evidence, "we consider the evidence in the light most favorable to the government, drawing all reasonable inferences and credibility choices in the government's favor." *Id.* We cannot overturn a jury's verdict unless no "reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *Id.*

Because the "jury is free to choose among reasonable constructions of the evidence," the government need not "disprove every reasonable hypothesis of innocence." *United States v. Foster*, 878 F.3d 1297, 1304 (11th Cir. 2018) (quotations omitted).

"[W]hen the government relies on circumstantial evidence, the conviction must be supported by reasonable inferences, not mere speculation." *Rodriguez*, 732 F.3d at 1303.

A person commits unlawful sex-trafficking of a minor when he "knowingly . . . recruits, entices, harbors, transports, provides, obtains, [or] maintains . . . a person . . . knowing, or . . . in reckless disregard of the fact, . . . that the person has not attained the age of 18 years and will be caused to engage in a commercial sex act." 18 U.S.C. § 1591(a).

To prove conspiracy to engage in sex-trafficking of a minor, the government must prove these elements: (1) that two or more persons agreed to violate section 1591; (2) that the defendant knew about the conspiratorial goal; and (3) that the defendant helped voluntarily to accomplish that goal. *See United States v. Mozie*, 752 F.3d 1271, 1287 (11th Cir. 2014). "The existence of an agreement may be inferred from the participants' conduct." *Id.*

Viewed in the light most favorable to the government, the evidence presented at trial was sufficient to permit a reasonable factfinder to find Davis guilty beyond a reasonable doubt of both charged sex-trafficking offenses.

First, the government presented evidence sufficient to allow the jury to conclude reasonably that the person (or persons) communicating with Nicole on the Tagged website and via text message knew that Nicole was a minor and attempted to recruit Nicole for the purpose of providing sex in exchange for money.

Investigator Tangeman testified that, shortly after he created Nicole's Tagged profile, Nicole was contacted by a person with the username "SammybabyC." In messages exchanged between Nicole and SammybabyC, SammybabyC invited Nicole to work as an escort in Florida and offered to buy Nicole a bus ticket from Colorado to Florida.

Investigator Tangeman also testified about text messages between Nicole and a person using the cell phone number beginning with "347." In those text messages, the texter described in detail the sex acts Nicole could perform for money, including suggesting that Nicole could pretend to be 16 and auction off her virginity for $10,000. Even after Nicole said that she was only 17, the texter continued to solicit Nicole and also purchased a bus ticket for Nicole to travel to Florida. Based on this evidence, a jury could conclude reasonably that the person communicating with Nicole took a substantial step toward the commission of a sex-trafficking offense: a factor that supports a conviction under an attempt or aiding-and-abetting theory. *Cf. United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004) ("To sustain a conviction for the crime of attempt, the government need only prove (1) that the defendant had the specific intent to engage in the criminal conduct for which he is charged and (2) that he took a substantial step toward commission of the offense."); *United States v. Joseph*, 709 F.3d 1082, 1102 (11th Cir. 2013) ("To sustain a conviction under an aiding and abetting theory, the prosecution must show that the defendant associated herself with a criminal venture, participated in it as

6                    Opinion of the Court                    21-12590

something she wished to bring about, and sought by her actions to make it succeed." (quotations and alterations omitted)).

The jury also heard evidence sufficient to support a reasonable inference (1) that Davis was the chief person communicating with Nicole using the SammybabyC account and the 347 phone number and (2) that Davis was the person responsible for arranging Nicole's transportation to Florida. Among other things, the 347 phone number was linked to Davis's Facebook account and the person texting from the 347 number at times identified himself as "Mikey." "Mikey" discussed auctioning off Nicole's virginity and promised to teach Nicole how to sell her body: evidence that Davis recruited Nicole for the purpose of engaging in commercial sex acts. The government also presented Broadhead's testimony that Davis set up the Tagged account to recruit women to serve as prostitutes. According to Broadhead, Davis was the person who sent Nicole all the messages on the Tagged site and via text message.

The jury also heard a recording of a phone call that a female officer -- posing as Nicole -- placed to the 347 number. During the call, both Davis and Broadhead could be heard speaking on the other end. Davis, however, did most of the talking, explained to Nicole that he had her travel itinerary in his email, promised to pick Nicole up at the bus station, and told Nicole that he would provide her with drugs upon her arrival.

The evidence presented at trial was also sufficient to allow a jury to conclude reasonably that Davis conspired with Broadhead to recruit Nicole. Broadhead testified that she knew Davis was

trying to persuade Nicole to come to Florida, that Broadhead helped Davis purchase Nicole's bus ticket, and that Broadhead spoke to Nicole on the phone to make Nicole feel more comfortable about coming to Florida. Text messages also reflect that both Davis and Broadhead were involved in choosing to target Nicole and indicate that Davis and Broadhead agreed about the kind of work Nicole would perform.

To the extent that parts of Broadhead's trial testimony were inconsistent with Broadhead's earlier statements to law enforcement, the jury was free to believe Broadhead's testimony that she had lied previously to law enforcement to protect Davis and that she was testifying truthfully during trial. *See United States v. Flores*, 572 F.3d 1254, 1263 (11th Cir. 2009) ("Credibility determinations are left to the jury and the jury's verdict will not be disturbed on appeal unless the testimony is 'incredible as a matter of law.'").

Because the evidence produced at trial was sufficient to allow the jury to find Davis guilty beyond a reasonable doubt of both charged sex-trafficking offenses, the district court committed no error in denying Davis's motions for a judgment of acquittal.

## II.

We next address Davis's argument that the district court erred in admitting certain evidence. We review for abuse of

discretion a district court's evidentiary rulings.  *See United States v. Dodds*, 347 F.3d 893, 8997 (11th Cir. 2003).[2]

A district court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of . . . unfair prejudice."  Fed. R. Evid. 403.  We have said, however, that "Rule 403 is an extraordinary remedy which the district court should invoke sparingly," and that "the balance should be struck in favor of admissibility."  *Dodds*, 347 F.3d at 897 (quotations and alteration omitted).  In considering admissibility under Rule 403, we view "the evidence in a light most favorable to its admission, maximizing its probative value and minimizing its undue prejudicial impact."  *Id.*

As an initial matter, Davis's appellate brief includes only a single-paragraph argument challenging the district court's evidentiary rulings.  Davis seems to object to the purported admission of this evidence: (1) testimony that agents located 120 escort advertisements linked to a telephone associated with Davis; (2) a forensic analysis of Broadhead's phone consistent with Broadhead's statements that she was engaged in commercial sexual activity between 12 October 2017 and 23 January 2018; and (3) a prior conviction.

---

[2] On appeal, the government contends that our review should be limited to plain error because Davis never raised expressly the specific objection he now raises on appeal.  We need not decide this issue, however, because we conclude that Davis's challenge fails under an abuse-of-discretion standard of review.

Davis's brief, however, includes no citations to the record specifying when the challenged evidence was identified, offered, or received or rejected: the specificity required by the Federal Rules of Appellate Procedure. *See* Fed. R. App. P. 28(e) ("A party referring to evidence whose admissibility is in controversy must cite the pages of the appendix or of the transcript at which the evidence was identified, offered, and received or rejected."). This omission ends the question about admissibility generally.

We stress that we are "not required to search the record for error" when a party fails to offer pertinent citations to the record. *See United States v. Francis*, 131 F.3d 1452, 1458 (11th Cir. 1997). Nevertheless, we have looked at the record and the fact section of Davis's appellate brief. For argument's sake, we will accept that Davis has presented enough to challenge the district court's admission into evidence of three advertisements for escort services associated with Davis's 347 phone number.

On appeal, Davis still makes only conclusory statements that the challenged evidence was irrelevant and that its probative value was outweighed by unfair prejudice. We disagree. We have no trouble concluding that the escort advertisements were relevant to the charged sex-trafficking offenses. *See* Fed. R. Evid. 401 ("Evidence is relevant if . . . it has any tendency to make a fact more or less probable than it would be without the evidence . . . ."); *United States v. Tinoco*, 304 F.3d 1088, 1120 (11th Cir. 2002) ("The standard for what constitutes relevant evidence is a low one."). The escort advertisements were posted online during the time of the

charged conspiracy, included photographs of Broadhead, and listed the 347 phone number as the contact number.  These advertisements tended to corroborate Broadhead's testimony that Davis acted as Broadhead's pimp and served as the chief contact for clients.  Viewing this evidence in the light most favorable to its admission, we are unpersuaded that the probative value of this evidence was outweighed by unfair prejudice.  The district court abused no discretion in admitting the three escort advertisements.

**AFFIRMED.**