[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

————————————————

No. 21-14019

Non-Argument Calendar

————————————————

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ANDREW CHRISTIAN HAMMOCK,
a.k.a. playful_guy,
a.k.a. Florida Guy,

Defendant-Appellant.

————————————————

Appeal from the United States District Court
for the Middle District of Florida

D.C. Docket No. 3:20-cr-00058-MMH-LLL-1

———————————————

Before NEWSOM, GRANT, and ANDERSON, Circuit Judges.

PER CURIAM:

Andrew Christian Hammock appeals his convictions after being found guilty at trial of one count of attempting to persuade a child to engage in unlawful sexual conduct, in violation of 18 U.S.C. § 2422(b), and two counts of attempting to exploit a minor for the production of child pornography, in violation of 18 U.S.C. § 2251(a) and (e). Hammock challenges the sufficiency of the evidence provided by the government at trial and the district court's denial of his Rule 29 motion for a judgment of acquittal. He argues that as a matter-of-law online messages alone cannot support a finding that he committed a substantial step towards the commission of the charged crimes. Alternatively, he argues that the evidence provided by the government in this case was legally insufficient.

I.

Ordinarily, we review *de novo* whether sufficient evidence supports a conviction, viewing the evidence and taking all reasonable inferences in favor of the jury's verdict. *United States v. Fries*, 725 F.3d 1286, 1291 (11th Cir. 2013). However, challenges raised for the first time on appeal are reviewed for plain error. *United States v. Presendieu*, 880 F.3d 1228, 1237 (11th Cir. 2018).

Section 2422(b) imposes criminal penalties on whoever uses interstate commerce and "knowingly persuades, induces, entices, or coerces any individual who has not attained the age of 18 years[] to engage in prostitution or any sexual activity for which any person can be charged with a criminal offense, or attempts to do so." 18 U.S.C. § 2422(b). We have noted that § 2251(a) and (e) proscribe the same conduct as § 2422 when the defendant is attempting to produce child pornography. *United States v. Lee*, 603 F.3d 904, 913 (11th Cir. 2010). We have also applied precedent regarding the scope of § 2422(b) to § 2251(a) and (e) considering the "material similarity" of the provisions. *Id.*

A conviction for attempt under § 2422(b) requires that the defendant (1) had the specific intent to persuade, induce, entice, or coerce a minor to engage in unlawful sexual activity, and (2) took actions that constituted a "substantial step" toward the commission of the crime. *United States v. Yost*, 479 F.3d 815, 819 (11th Cir. 2007). To prove intent, the government must show that the defendant intended to cause the minor's consent, not that he acted with the specific intent to engage in sexual activity. *Lee*, 603 F.3d at 914. As to the substantial-step prong, the government must demonstrate that the defendant took a substantial step toward causing assent, not actual sexual contact. *Id.* We have noted that communications soliciting sexual activity can constitute a substantial step towards a violation of § 2422(b), particularly in cases requiring "persuading, inducing or enticing engagement unlawful activity–[as it] necessarily contemplates oral or written

communications as the principal if not the exclusive means of committing the offense." *United States v. Rothenberg*, 610 F.3d 621, 626-27 (11th Cir. 2010).

We consider the totality of a defendant's conduct when determining whether he took a substantial step under § 2422(b). *Lee*, 603 F.3d at 916. A substantial step occurs when the defendant's objective acts mark his conduct as criminal, such that his acts as a whole strongly corroborate the required culpability. *United States v. Murrell*, 368 F.3d 1283, 1288 (11th Cir. 2004).

In *Lee*, we upheld a defendant's conviction under § 2422(b) and § 2251(a), (e), rejecting the defendant's claim that the government failed to prove that he had taken a substantial step toward completing the crime. *Lee*, 603 F.3d at 915. There, the defendant had been in contact with a federal law enforcement agent who was posing as the mother of two young girls, and over the course of several months, the defendant sent nude photographs of himself and encouraged the agent to show them to the girls, promised to buy gifts for the girls, assured the agent that he would not harm the girls during any sexual encounters, and described in detail "how he wanted to complete the act." *Id.* We concluded that this activity "supported a finding that he groomed the girls in an effort to facilitate a future sexual encounter," which was sufficient to constitute a substantial step. *Id.*

Here, assuming *arguendo* that Hammock is entitled to full review of his arguments, we conclude that they fail regardless of which standard of review applies. First, the district court did not

err in denying his motion for a judgment of acquittal as a matter of law, as our precedent indicates that online messages can support a finding that a defendant took a substantial step towards the commission of the charged crimes. *Lee*, 603 F.3d at 915.

Second, we conclude that, in this case, the government provided ample evidence for a jury to conclude that the government's evidence satisfied that element concerning Hammock and his actions involving a notional child. When viewed in the light most favorable to the jury verdict, as in *Lee*, the government's evidence allowed the jury to conclude that Hammock was grooming "Maddy," the notional child, to engage in a prohibited sexual activity, in this case the production of child pornography. *Id.* First, the chats produced by the government provided ample evidence that Hammock was attempting to build a relationship of trust with the child. He repeatedly emphasized the importance of trust in their communications, reassuring her that she could trust him with her photos and that anything she sent would be "completely confidential." He later informed her that he was a police officer and sent her multiple photographs of himself in uniform, informing her that she should "[f]eel special" because he "rarely if ever" shows his face and "never ever in uniform." He reassured her that that he would not judge her. The evidence also allowed the jury to find that he was building this relationship of trust for the purpose of convincing "Maddy" to send him child pornography. Hammock repeatedly encouraged her to be "daring" and to send him "naughty" photos if she was comfortable doing so.

6                        Opinion of the Court                        21-14019

This escalated to Hammock directly requesting photos of "Maddy's" "privates" on March 9 and 12. He instructed her on how to take and send these photographs to him. He encouraged her to send these pictures by sending a naked picture of his own penis and remarking that, "now that they trusted each other, he would show her more if she wanted him to." Much as the sending of graphic photos and the promising of gifts did in *Lee*, the building of the relationship of trust and the direct request for her to send him pornographic images, along with instructions on how to produce them, provided sufficient evidence for a jury to find that Hammock took a substantial step towards the crimes charged. *Id*. Accordingly, we affirm.

**AFFIRMED.**