[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 22-13284

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

ALFREDO BOTTON RUIZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:22-cr-20036-JEM-1

_____

Before JILL PRYOR, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Alfredo Ruiz, proceeding with counsel, appeals his convictions and total sentence of 200 months' imprisonment for two counts of attempted sex trafficking of a minor, in violation of 18 U.S.C. § 1591(a)(1), and two counts of attempted enticement of a minor to engage in unlawful sexual activity, in violation of 18 U.S.C. § 2422(b).  On appeal, he argues that that the district court erred by denying his motion for a judgment of acquittal because there was insufficient evidence from which the jury could have reasonably concluded that he knowingly attempted to entice a minor to engage in unlawful, commercial sex acts.  He also argues that the district court abused its discretion by imposing a total sentence of 200 months' imprisonment because his total sentence is substantively unreasonable.

I.

We review whether sufficient evidence supported a jury's guilty verdict *de novo*, resolving all reasonable inferences in favor of the verdict.  *United States v. Lee*, 603 F.3d 904, 912 (11th Cir. 2010).  We will not disturb the verdict unless no trier of fact could have found guilt beyond a reasonable doubt.  *Id.*

Under 18 U.S.C. § 1591(a)(1), it is unlawful to recruit, entice, harbor, transport, provide, obtain, or maintain a minor, knowing or in reckless disregard of the fact, that means of force, threats of force, fraud, coercion, or any combination of such means will be

used to cause the minor to engage in a commercial sex act. 18 U.S.C. § 1591(a)(1). Under 18 U.S.C. § 2422(b), it is unlawful to knowingly attempt to entice a minor to engage in unlawful sexual activity. 18 U.S.C. § 2422(b). To sustain a conviction for the crime of attempt, the government most show: (1) that the defendant had the specific intent to engage in the criminal conduct for which he was charged and (2) that he took a substantial step toward commission of the offense. *United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004). The government must prove that the defendant intended to cause assent on the part of the minor, not that he acted with specific intent to engage in the sexual activity, and that he took a substantial step toward causing assent, not toward causing actual sexual contact. *Lee,* 603 F.3d at 914.

To determine whether a defendant took a substantial step under § 2422(b), we consider the totality of the defendant's actions. *Id.* at 914, 916. We have held that a defendant's sexually solicitous communication can constitute a substantial step under § 2422(b) because the principal, if not exclusive, means of committing the offense requires oral or written communications. *United States v. Rothenberg*, 610 F.3d 621, 626-27 (11th Cir. 2010). The defendant takes a substantial step when his communication crosses the line from sexual banter to criminal enticement. *Id.* at 627. Additionally, in *Murrell*, we determined that the defendant took a substantial step where the defendant did the following: sent text messages to an undercover officer posing as the minor's parent, in which he expressed his desire to have sex with the minor in exchange for money; arranged a meeting for the purpose of having sex with the

minor; arrived at the designated time and place; and brought with him a teddy bear, $300 in cash, and a box of condoms. *Murrell*, 368 F.3d at 1284-85, 1287-88. However, evidence that the defendant traveled to meet the minor is not necessary to sustain an attempt conviction under § 2422(b). *United States v. Yost*, 479 F.3d 815, 819-20 (11th Cir. 2007).

When a defendant takes the stand and testifies in his own defense, the jury may disbelieve his testimony, and the defendant's own statements may be considered as substantive evidence of his guilt. *United States v. Brown*, 53 F.3d 312, 314 (11th Cir. 1995).

Here, the district court did not err by denying Ruiz's motion for a judgment of acquittal because there was sufficient evidence from which the jury could have reasonably concluded that he knowingly attempted to entice a minor to engage in unlawful, commercial sex acts. *See* §§ 1591(a)(1), 2422(b); *Murrell*, 368 F.3d at 1286; *Lee*, 603 F.3d at 912, 914. Ruiz's argument is that he thought the girls were adults, notwithstanding that the undercover agent posing as the mother repeatedly told him they were 12 and 14 years old. He argues that advertisements for sex routinely lie about age in order to seem younger. Although he testified that he had no intentions of engaging in sexual activity with minor girls, the jury was free to believe the opposite and to use his testimony as substantive evidence of his guilt. *See Brown*, 53 F.3d at 314. After learning that the girls he would pay to have sex with were minors, he continued talking to the undercover agent who was acting as the mother of the girls, he asked for more information about the sexual

services and pricing, he made plans to meet with the mother and the girls, and he arrived at the meeting location with his payment. *See Rothenberg*, 610 F.3d at 626-27; *Murrell*, 368 F.3d at 1284-85, 1287-88; *Yost*, 479 F.3d at 819-20. Thus, there was sufficient evidence to uphold his convictions.

## II.

We consider the substantive reasonableness of a sentence under a deferential abuse of discretion standard. *United States v. Butler*, 39 F.4th 1349, 1354-55 (11th Cir. 2022). In reviewing the reasonableness of a sentence, we will not substitute our own judgment for that of the district court and will affirm a sentence so long as the court's decision was in the ballpark of permissible outcomes. *Id.* at 1355. The defendant bears the burden of showing that the sentence is unreasonable in light of the record and the 18 U.S.C. § 3553(a) factors. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Under § 3553(a), the district court must impose a sentence that is sufficient, but not greater than necessary, to reflect the seriousness of the offense, to promote respect for the law, to provide just punishment for the offense, to afford adequate deterrence, and to protect the public from further crimes of the defendant. 18 U.S.C. § 3553(a). In addition, the court must consider, among other factors, the nature and circumstances of the offense, the history and characteristics of the defendant, and the need to avoid unwarranted sentence disparities among similarly situated defendants. *Id.* The court imposes a substantively unreasonable sentence

when it fails to afford consideration to relevant factors that were due significant weight, gives significant weight to an improper or irrelevant factor, or commits a clear error of judgment in considering the proper factors. *Butler*, 39 F.4th at 1355. The court commits a clear error of judgment when it weighs the § 3553(a) factors unreasonably. *Id.* However, the weight given to each factor is committed to the sound discretion of the court, and the court may attach great weight to one factor over the others. *Id.*

Additionally, the court's failure to discuss mitigating evidence does not indicate that the court erroneously ignored or failed to consider the evidence. *Id.* at 1356. The court's acknowledgment that it has considered the § 3553(a) factors and the parties' arguments is sufficient. *Butler*, 39 F.4th at 1356. Furthermore, a sentence imposed well below the statutory maximum may indicate reasonableness. *Gonzalez*, 550 F.3d at 1324.

Here, the district court did not abuse its discretion because it imposed a substantively reasonable total sentence. The court properly considered and weighed the § 3553(a) factors. *See* § 3553(a); *Butler*, 39 F.4th at 1355-56. Additionally, his total sentence of 200 months' imprisonment was well below the statutory maximum of life imprisonment and below the guideline imprisonment range of 235 months to 293 months, and thus, his total sentence was within the ballpark of permissible outcomes. *See Gonzalez*, 550 F.3d at 1324; *Butler*, 39 F.4th at 1355.

**AFFIRMED.**