[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-10502

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

TERRY JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 0:23-cr-60026-RS-1

_____

Before NEWSOM, BRANCH, and ANDERSON, Circuit Judges.

PER CURIAM:

Terry Johnson appeals his convictions and sentence for production of child pornography, in violation of 18 U.S.C. § 2251(a), and for enticement of a minor to engage in criminal sexual activity, in violation of 18 U.S.C. § 2422(b). He argues that the government didn't meet its burden to prove that producing child pornography was a purpose of his decision to engage in sexual activity with the minor victim in April 2021. He also argues that there was no evidence that he used a cell phone to entice, persuade, induce, or coerce the minor victim into the April 2021 sexual activity or video production. And he argues that no rational juror could have found that he violated § 2422(b) because there was no evidence that he was successful. We disagree and affirm.

## I

We review do novo the sufficiency of the evidence, "viewing the evidence in the light most favorable to the government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict." *United States v. Gatlin*, 90 F.4th 1050, 1059 (11th Cir. 2024) (citation and quotation marks omitted). "A jury's verdict cannot be overturned if any reasonable construction of the evidence would have allowed the jury to find the defendant guilty beyond a reasonable doubt." *United States v. Capers*, 708 F.3d 1286, 1297 (11th Cir. 2013) (citation and quotation marks omitted).

## A

As relevant here, under 18 U.S.C. § 2251(a), a person who "employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct" has committed a felony. The defendant need not have been "single-minded in his purpose"; a person "is no less a child pornographer simply because he is also a pedophile." *Gatlin*, 90 F.4th at 1062 (citation and quotation marks omitted). Therefore, the government is not required to prove that making explicit material was the defendant's sole or even primary purpose for engaging in sexual activity with a minor. *Id.* It is enough to show that it was "*a* purpose for doing so." *Id.* (emphasis added) (citation and quotation marks omitted). Specific intent can be tricky to prove; so, circumstantial evidence often must be introduced to allow the jury to assess intent. *Id.*

In *Gatlin*, we held that there was sufficient evidence to show that Gatlin intentionally had sex with a minor and intentionally made a recording of that act using his phone camera. *See* 90 F.4th at 1061–62. We concluded that the jury could reasonably infer that Gatlin, during sexual intercourse with the minor, reached for his camera phone, unlocked the phone, and accessed the phone's camera. *Id.* at 1062. We reasoned that the jury could reasonably infer, based on the angle of the short video in question, that Gatlin had to hold his camera phone in front of him using at least one of his hands while he was having sexual intercourse with the minor victim. *Id.* The video revealed that Gatlin and the minor victim posed by remaining still during sexual intercourse, and we concluded that

a jury could reasonably infer from the pause that Gatlin was engaged in sexual conduct with the minor victim partly for the purpose of recording it. *Id.*

Johnson's case is similar. He intentionally had sex with J.S. and intentionally made a recording of that act by using her phone. While Johnson—unlike Gatlin—does not appear to have posed during the video, that distinction is not decisive. Not only did Johnson admit to holding the phone and recording the sexual act, the evidence supported an inference that he personally decided how to place the phone and where it should be pointed. So, a jury could conclude that § 2251(a)'s specific-intent component was satisfied. *Cf. id.* ("This is not a case of a security camera mechanically picking up a random act." (quoting *United States v. Lebowitz*, 676 F.3d 1000, 1013 (11th Cir. 2012)).

Moreover, the video itself was not the only evidence of intent. Johnson texted J.S. and told her to "put the phone in my room" the night that he filmed the sexual activity between them. Despite Johnson's arguments that it was unreasonable for someone seeking to produce child pornography to save the video to someone else's phone, the jury—viewing the evidence in the light most favorable to the government—could reasonably infer that his request for the phone on the night of the sexual activity demonstrated that one of his purposes in recording the act was to produce child pornography. *See Capers*, 708 F.3d at 1296–97. The verdict is supported by reasonable inferences based on the evidence, and

sufficient evidence supports Johnson's conviction for producing child pornography.

**B**

It is unlawful for a person, using the mail or any facility or means of interstate commerce, to knowingly persuade, induce, entice, or coerce any individual who has not attained the age of 18 years to engage in sexual activity for which any person can be charged with a criminal offense, or attempt to do so. 18 U.S.C. § 2422(b). The distinction between a conviction for knowingly persuading, inducing, enticing, or coercing a minor to engage in sexual activity and a conviction for attempting to do so is based on whether an actual minor is involved. *See United States v. Murrell*, 368 F.3d 1283, 1286 (11th Cir. 2004) (noting that the defendant was convicted for attempt under § 2422(b) because there was no actual minor involved who could have been influenced). "The underlying criminal conduct that Congress expressly proscribed in passing § 2422(b) is the persuasion, inducement, enticement, or coercion of the minor rather than the sex act itself." *Id.* (footnote omitted). Therefore, "if a person *persuaded* a minor to engage in sexual conduct (e.g. with himself or a third party), without then actually committing any sex act himself, he would nevertheless violate § 2422(b)." *Id.*

The evidence supported the jury's conclusion that Johnson enticed his stepdaughter to engage in sexual activity. In particular, the evidence showed that Johnson sent J.S. sexually explicit text messages that expressed a desire to engage in sexual activity. And

J.S. sent Johnson text messages that alluded to sex, including to sexual activity on occasions other than the April 2021 incident.  Based on these messages, it was reasonable for the jury—again, viewing the evidence in the light most favorable to the government—to conclude that Johnson enticed J.S. into sexual activity.  *See Capers*, 708 F.3d at 1296–97.

Johnson argues that he *unsuccessfully* tried to entice, persuade, or coerce J.S. to engage in unlawful sexual activity—and that the government failed to provide any evidence showing that he was successful.  This argument is a nonstarter:  As we explained in *Murrell*, § 2422(b) criminalizes the enticement, not the sex act.  *See* 368 F.3d at 1286.  So, Johnson could have violated § 2422(b) without the commission of any sex act at all.  *See id.*  Therefore, as with the first count, the verdict is supported by reasonable inferences based on the evidence, and sufficient evidence supports Johnson's conviction under § 2422(b).

## II

"When a sentence pronounced orally and unambiguously conflicts with the written order of judgment, the oral pronouncement governs."  *United States v. Bates*, 213 F.3d 1336, 1340 (11th Cir. 2000).  Where there is no ambiguity regarding a sentence term and the district court's intention, we remand the case for the limited purpose of entering an amended judgment that conforms to the

24-10502                    Opinion of the Court                    7

oral pronouncement.  *United States v. Chavez*, 204 F.3d 1305, 1316 (11th Cir. 2000).[1]

Here, the parties agree—correctly—that there is a discrepancy between the oral pronouncement of the sentence and the written judgment.  In its oral pronouncement, the district court agreed not to include a restriction on possessing adult pornography as a special condition of supervised release.  Despite this, the written judgment *did* include an adult-pornography ban as a supervised-release condition.  Because the oral pronouncement was inconsistent with the written judgment, we remand this case to the district court for the limited purpose of entering an amended judgment that conforms to its oral pronouncement.

### III

Accordingly, we hold as follows:  First, that Johnson's convictions under §§ 2251(a) and 2422(b) were supported by sufficient evidence.  And second, that the written judgment was inconsistent with the district court's oral pronouncement and that this inconsistency must be cured on remand.

**AFFIRMED and REMANDED with instructions.**

---

[1] When a defendant cannot object to a condition of supervised release because it was added for the first time in the written judgment, we review the issue de novo.  *Cf. United States v. Rodriguez*, 75 F.4th 1231, 1246 n.5 (11th Cir. 2023).